ELLIOT DOMÍNGUEZ RIVERA, ETC., ET AL., peticionarios, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN, HON. WILFRIDO ROBERTS, JUEZ, demandado; CÁMARA DE COMERCIANTES MAYORISTAS, interventora.

Número: O-72-166      Resuelto: 12 de diciembre de 1974

*Moreda & García Palacios,* abogados de los peticionarios; *Benjamín Rodríguez Ramón, Teodoro Peña García* y *Alfonso L. García Martínez,* abogados de la interventora.

EL JUEZ ASOCIADO SEÑOR DÍAZ CRUZ emitió la opinión del Tribunal.

Los peticionarios tienen pleito pendiente ante la sala de San Juan del Tribunal Superior, contra la Cámara de Comerciantes Mayoristas, pidiendo se decrete la nulidad de todo lo actuado en un caso anterior identificado como Civil Núm. 69-1746-A, y que se condene a la Cámara demandada a la restitución de un inmueble embargado y subastado, y al pago de $400,000 por concepto de daños y perjuicios y otras reparaciones. Fundan su razón de pedir en parte en la ineficacia, por incapacidad mental del mandante, del poder conferido por Domínguez a su esposa y en virtud del cual ella se allanó a que se dictara sentencia por $90,441.71 a favor de la Cámara. Los ahora demandantes en nulidad y aquí peticionarios formularon moción de sentencia sumaria ante el tribunal de instancia basada en que siendo la Cámara una agencia de cobros regulada por la Ley Núm. 143 de 27 de junio de 1968 (10 L.P.R.A. Tomo 2A, secs. 981 y ss.) no cumplió con el requisito jurisdiccional impuesto por el Art. 17(13) de la citada ley (10 L.P.R.A. Tomo 2A, sec. 981p(13) que previene: "Ninguna agencia de cobros podrá: . . . (13) Radicar acción judicial en cobro de dinero sin antes haber requerido por escrito al deudor para que pague lo adeudado por correo certificado con acuse de recibo. Ningún Tribunal podrá asumir jurisdicción en una acción de cobro de dinero tramitada por una agencia de cobro sin que se alegue y se pruebe el cumplimiento de este requisito."

■ En este incidente interlocutorio de un pleito con cuestiones de hecho extensas y complejas, no es necesario resolver si la Cámara es o no una agencia de cobros. Consta por testimonio judicial que la sentencia impugnada (¹) fue

---

(¹)

"SENTENCIA

"Llamado este caso para la vista de la Moción de Desestimación radicada por la parte demandada, el día 24 de abril de 1969, a las nueve de

una consentida mediante expreso allanamiento de los deudores demandados en cobro de dinero. Hemos de presumir la regularidad de dicho procedimiento pues aún no se ha producido prueba que afecte su validez, y la incapacidad mental del demandado y poderdante Elliot Rodríguez no ha rebasado la etapa de mera alegación (32 L.P.R.A. secs. 1886(6) y 1887(17)). Si la exigencia de un previo requerimiento al deudor contenido en el referido Art. 17 operara como elemento de jurisdicción sobre la materia, la falta del mismo no sería subsanada con el allanamiento de las partes, pues sabido es que éstas no pueden por sus actos conferir tal jurisdicción. Pero no es ese el caso. La acción fue una en cobro de dinero, materia sobre la cual tiene jurisdicción el Tribunal Superior. Lo que la ley especial ordena es que el tribunal se abstenga de ejercitar tal jurisdicción en pleitos en cobro de dinero promovidos por agencias de cobros si no se alega y prueba que antes de iniciar la acción judicial la acreedora requirió "por escrito al deudor para que pague lo adeudado por correo certificado con acuse de recibo." El propio texto del artículo supedita la cuestión jurisdiccional a un aviso o notificación a la *persona* demandada. Este criterio está acorde con el propósito legislativo del citado estatuto especial dirigido no a modificar la jurisdicción del Tribunal de Primera Instancia en materia de cobro de dinero, sino a erigir

---

la mañana, compareció la Parte Demandante representada por su abogado Licenciado Darío Padín Mimoso. El abogado de la Parte Demandada, Licenciado Ismael Betancourt, no compareció personalmente, excusándose por medio de una moción a tales efectos. Comparecieron además, la Sra. Nilda Figueroa de Domínguez y el Sr. Juan J. Rivera, parte demandada en el caso, quienes por propio derecho, voluntaria y espontáneamente declararon ante este Tribunal que no tenían interés alguno en proseguir con esta causa de acción y que deseaban que se dictase Sentencia a favor de la Parte Demandante, Cámara de Comerciantes Mayoristas, ya que reconocía la deuda que dio motivo a la misma.

Siendo ello así este Tribunal dicta sentencia declarando con lugar la demanda y condenando a los demandados al pago de $90,441.71 a la parte demandante, más la cantidad de $1,500.00 para costas, gastos y honorarios de abogados."

ciertos mecanismos protectores del deudor contra la avidez de cobradores inescrupulosos. Así se desprende del informe rendido al Senado por su Comisión de Industria y Comercio que en parte dice: "Se nos informa que durante el tiempo que estas agencias de cobro han operado sin reglamentar se ha incurrido en ciertas prácticas que podríamos tildar de irresponsables e inescrupulosas. Se hace necesario por lo tanto esta reglamentación para impedir la entrada de estas personas inescrupulosas en este campo. Hay que proteger al deudor de malas prácticas en el proceso de cobro por parte de las agencias pero sin llegar al punto de que esta protección entorpezca indebidamente la misión de la agencia, fomente el incremento en el número de deudores morosos y aumente el mal uso del crédito. Se hace necesario reglamentar las relaciones entre la agencia y el acreedor sin crear ventajas arbitrarias de una parte contra otra." Diario de Sesiones de la Asamblea Legislativa, S.O. 1968, Vol. 22, Parte 2, pág. 568.

■ Si el propósito de esta ley es extender una protección al deudor es claro que no la necesita aquel que asesorado por su abogado comparece en sala de justicia y reconoce como legítima la acreencia reclamada.

■ Hay leyes procesales que imponen al acreedor el cumplimiento de una condición antes de que pueda invocar la jurisdicción del tribunal para conocer de su acción. Esta modalidad procesal de gestión previa al inicio de la acción judicial toma en algunos casos la forma de una notificación o requerimiento que ha de anteceder a la presentación de la demanda. Usualmente tiene el propósito de dar al deudor u obligado una final oportunidad de cumplir su obligación sin exponerlo a las consecuencias económicas, la sanción moral y la perturbación que en términos generales descarga todo litigio sobre un demandado. Encaja en el mayor diseño del sistema de derecho dirigido a desalentar los litigios, que en esencia representan y revelan una viola-

ción del orden jurídico por una u otra parte, y no pocas veces por ambas. Cuando por estatuto se exige tal previo requerimiento el mismo es parte inseparable del debido proceso de ley y su omisión viciará la sentencia o resolución del tribunal de invalidez e ineficacia. Sin embargo, en los casos en que dicha notificación previa tiene el propósito de proteger al demandado, este puede libremente renunciar a la misma, y su renuncia tendrá tanta eficacia bien sea expresa o tácita. *García Colón* v. *Secretario de Hacienda,* 99 D.P.R. 779, 784 (1971). En el presente caso dicha renuncia estuvo encarnada en la comparecencia personal de los deudores ante el juez en la que reconocieron y aceptaron la legitimidad de la reclamación. (²) Por la misma vía que un demandado subsana todo defecto de su emplazamiento y hasta la inexistencia del mismo, compareciendo voluntariamente a alegar sobre los hechos y méritos de la demanda y se tiene dicha comparecencia general como equivalente a su citación personal a los fines de adquisición por el tribunal de jurisdicción sobre su persona, con mayor razón podrá un demandado renunciar su derecho a una notificación previa entrando una alegación en que acepta la reclamación de la parte actora y se allana al remedio por ésta solicitado. En tal caso queda satisfecho el principio de orden público, toda vez que el tribunal tiene en la confesión incondi-

---

(²) Antes de allanarse en corte abierta la parte demandada radicó la siguiente: "Declaración Jurada—Nosotros, Nilda Figueroa de Domínguez, por sí y como tutora de Eliot Domínguez, y Juan J. Rivera, mayores de edad, casados, ella, ama de casa, él Administrador Almacén Eliot Domínguez, y vecinos de San Juan, Puerto Rico, bajo Juramento DECLARAMOS Y MANIFESTAMOS: 1. Que en el Tribunal Superior, Sala de San Juan, se está llevando el caso de Cámara de Comerciantes Mayoristas, Demandante vs. Elit [*sic*] Domínguez, Nilda de Domínguez y Juan J. Rivera, etc., demandados, Caso Civil Número 69-1746-A, sobre Cobro de Dinero. 2. Que somos los demandados en dicho caso y por la presente reconocemos la existencia de la deuda que dio motivo a esa causa de acción, y no tenemos ningún interés en proseguir este pleito, por lo que deseamos se dicte Sentencia a favor de la Demandante, Cámara de Comerciantes Mayoristas, en el mismo. 3. Que por el presente escrito renunciamos al derecho de apelación y deseamos que la Sentencia advenga a ser firme y final una vez la misma sea dictada por el Honorable Tribunal."

cional del demandado la mejor muestra de la futilidad del requerimiento y la certeza de que la falta del mismo no ha causado perjuicio al demandado. *Franco* v. *Corte*, 71 D.P.R. 686, 689 (1950) confirmado y aclarado en *Claudio* v. *Casillas Mojica*, 100 D.P.R. 761, 772–3 (1972). Esta conclusión ilustra la diferencia entre el concepto medioeval del Procedimiento Civil como una ordenada y lógica secuencia de pasos que en sí constituía su propio fin y propósito, y la actual tendencia a valerse del procedimiento en su integridad en el camino hacia una pronta y completa decisión de la controversia. Pound, *Jurisprudence*, Tomo 5, pág. 518, ed. 1959.

■ Limitada la acción del referido Art. 17 a regular una situación de jurisdicción sobre la persona y no una de jurisdicción sobre la materia, el pleito no está sujeto a la desestimación dispuesta por la Regla 10.8(2) de Procedimiento Civil, [3] y sí a la norma sobre renuncia de defensas y objeciones expresada en la misma regla. Wright & Miller, *Federal Practice & Procedure*, Tomo 5, sec. 1350, págs. 543 y ss.

En la etapa procesal en que resolvemos este recurso nos confrontamos con un allanamiento y confesión de deuda que no han sido enervados por prueba de dolo, fraude o incapacidad que son objeto de alegación en la demanda, y por lo tanto, la presunción de regularidad en los procedimientos nos lleva a concluir en este incidente que actuó con juris-

---

[3] "Regla 10.8—*Renuncia de defensas*

"Una parte renuncia a todas las defensas y objeciones que no formulare mediante moción como se ha dispuesto anteriormente, o, si no ha presentado moción, en su contestación o réplica, excepto que (1) la defensa fundada en haber dejado de exponer una reclamación que justifique la concesión de un remedio, la defensa de haber omitido acumular una parte indispensable, y la objeción de haber omitido exponer una defensa legal a una reclamación, también pueden hacerse mediante una alegación posterior, si ésta es permitida, o mediante moción para que se dicte sentencia por las alegaciones o en el juicio, y excepto que (2) siempre que aparezca por indicación de las partes o de algún otro modo que el tribunal carece de jurisdicción sobre la materia, éste desestimará el pleito. Si la objeción o defensa se formulare en el juicio, se resolverá como se dispone en la Regla 13.2, con vista a cualquier evidencia que pueda haberse recibido."

dicción la sala de instancia por renuncia de los deudores demandados al previo requerimiento del Art. 17 de la Ley de Agencias de Cobros.

Queda, por tanto, un vasto campo de controversia que indudablemente no puede aprisionarse en el estrecho molde de una sentencia sumaria. *El caso ha de remitirse al tribunal de instancia para continuación de procedimientos consistentes con esta opinión, y el auto expedido será anulado.*