*686 TEXTO COMPLETO DE LA SENTENCIA
El señor Eugenio Cotto Quiñones nos solicita la revocación de la sentencia dictada por el Tribunal de Primera Instancia, Sala Superior de Bayamón, que lo condenó a pagarle a la Cooperativa de Ahorro y Crédito Postal Coop el balance de un préstamo personal, ascendente a $20,409.02 al 14.00% de interés anual, más recargos y $2,500.00 de honorarios de abogado.
El señor Cotto Quiñones señala que la sentencia apelada debe revocarse porque la gestión de cobro se efectuó en violación de las disposiciones de la Federal Debt Collection Practices Act, infra, y porque la causa de acción está prescrita.
Luego de examinar los méritos del recurso y los argumentos de ambas partes, así como la transcripción de la prueba oral vertida en el juicio, resolvemos confirmar la sentencia apelada.
Veamos los antecedentes fácticos y procesales que justifican esta determinación.
I
El 7 de junio de 2007, la licenciada Alexandra Bigas Valedón cursó una carta dirigida al señor Eugenio Cotto Quiñones en la que le informó que la Cooperativa de Ahorro y Crédito Postal Coop le encomendó la gestión de cobro de un préstamo personal por la suma de $20,409.02. Además, le señaló que próximamente redactaría los documentos correspondientes para instar la acción judicial en cobro de dinero, salvo que el señor Cotto Quiñones pagara la mencionada deuda dentro de un período de diez días. (Apéndice, pág. 13). El señor Cotto Quiñones se opuso al cobro mediante una carta cursada a la Leda. Bigas Valedón el 26 de junio de 2007 en la que le indicó que no le adeudaba la mencionada cantidad de dinero a Postal Coop y le solicitó que validara la deuda de conformidad a lo dispuesto en el Fair Debt Collection Practices Act, Pub. L. 95-109 (Sept. 20, 1977), 15 U.S.C. 1692 et seq. Además, le solicitó que le enviara copia de las facturas adeudadas, los conceptos por los cuales se incurrió en la deuda, los pagos parciales y la fecha en que éstos se originaron. (Apéndice, págs. 17-18). Después de esta comunicación, no surgen del expediente gestiones adicionales de cobro por parte de la Leda. Bigas Valedón.
El 29 de mayo de 2008, Postal Coop instó la demanda en cobro de dinero por la cantidad de $20,409.02 contra el señor Cotto Quiñones, la señora Bernadette Suriel Núñez y la sociedad legal de gananciales compuesta por ambos. Alegó que otorgó al señor Cotto Quiñones un préstamo personal por la cantidad de $35,000.00 al 14% y que por más de tres meses consecutivos no se había efectuado el correspondiente pago de $655.90 mensuales. El señor Cotto Quiñones fue emplazado personalmente y luego de habérsele concedido una prórroga, compareció a contestar la demanda el 24 de septiembre de 2008.
*687 En su contestación a demanda, el señor Cotto Quiñones solicitó que se desestimara la causa de acción en su contra debido a que no se verificó la deuda conforme a las disposiciones del Fair Debt Collection Practices Act, ya citada. Postal Coop se opuso a la solicitud de desestimación, y en lo pertinente, sostuvo que esta legislación tuvo como fin proteger a los consumidores de prácticas injustas de cobro, pero no aplicaba al caso de autos. (Apéndice, pág 20). Acompañó copia del pagaré firmado por el señor Cotto Quiñones por las cantidades expresadas en la demanda. Surge del instrumento que el Sr. Cotto suscribió el pagaré el 29 de enero de 2004 por la cantidad de $35,000.00. La deuda se pagaría en un plazo de siete años, a base de 83 pagos mensuales de $653.90 y un pago final de $655.98, que vencería el 29 de enero de 2011.
Por su parte, el señor Cotto Quiñones se opuso a la demanda de cobro y nuevamente adujo que procedía la desestimación del pleito, de conformidad con las disposiciones del FDCPA, porque no se verificó la deuda según proscribe esta ley.
Por otro lado, la señora Suriel Núñez fue emplazada por edicto y no fue hasta el 9 de diciembre de 2008 que compareció al pleito mediante la correspondiente contestación a la demanda. Adujo esencialmente los mismos señalamientos hechos por el señor Cotto Quiñones.
Luego de los trámites de rigor, el Tribunal de Primera Instancia señaló la vista en su fondo el 20 de marzo de 2009. Según surge de la correspondiente minuta y de la transcripción de la vista, la señora Suriel Núñez no estuvo presente. Postal Coop presentó en evidencia la copia del pagaré y una declaración jurada acreditativa de los pagos efectuados y de la deuda al descubierto. Asimismo, de la declaración jurada se desprende que, con posterioridad al envío de la carta del 7 de junio de 2007, los funcionarios de la cooperativa intentaron infructuosamente de lograr el pago de la deuda. El señor Cotto reiteró sus argumentos, basados en la legislación federal y alegó que creyó tener un seguro de garantía, para el caso en que no pudiera pagar el préstamo. Tal seguro no surge del pagaré ni él presentó evidencia de su existencia. Luego, a preguntas de la abogada de Postal Coop admitió que no tenía la evidencia de pago. En ese momento se solicitó al tribunal que dictara la sentencia. El tribunal hizo un resumen del expediente y decidió atender el asunto como una solicitud de sentencia sumaria, a base del pagaré y de la declaración jurada que acreditaba el historial de pago y de la deuda no satisfecha.
El 15 de abril de 2009, el Tribunal de Primera Instancia dictó la sentencia que condenó al señor Cotto Quiñones, a su esposa y a su sociedad de gananciales a pagarle a la Cooperativa de Ahorro y Crédito Postal Coop las cuantías ya indicadas.
Inconforme, el señor Cotto Quiñones apela del dictamen ante este foro. En síntesis, sostiene que la Cooperativa incurrió en violaciones al Fair Debt Collection Practices Act, lo que tiene el efecto de invalidar el proceso de cobro llevado en su contra. No le asiste la razón.
Veamos los fundamentos que sostienen nuestra determinación.
n
A. Fair Debt Collection Practices Act
La Fair Debt Collection Practices Act (“FDCPA”) es una ley federal aprobada con el fin de eliminar y evitar el ejercicio abusivo en las gestiones de cobro de dinero por parte de agentes de cobro o cobradores de deudas (“debt collectors”). 15 U.S.C. sec. 1692 (e). A tales fines, la legislación prohíbe que un cobrador incurra en conducta cuya consecuencia natural sea la de oprimir, hostigar o abusar de una persona en el trámite de cobro de una deuda. 15 U.S.C. sec.l692d.
Entre las conductas que la FDCPA define como abusivas o de hostigamiento se incluye la amenaza, mediante el uso de la violencia u otros medios ilegales, de causar daño físico o a la reputación o a la propiedad de una *688 persona. 15 U.S.C. 1692d(l). Además, incluye el uso de lenguaje obsceno o profano que ofenda o abuse del que lo escuche o lea; la publicación de listas de consumidores que se rehúsan a pagar sus deudas; el anuncio de venta de una deuda con el fin de presionar para lograr su pago; llamadas repetidas o continuas con el fin de molestar, abusar u hostigar al deudor; y, con ciertas excepciones, las llamadas anónimas. 15 U.S.C. sec. 1692d.
Asimismo, la FDCPA regula y limita el ejercicio de los cobradores en la obtención de información que tengan terceros sobre la ubicación del deudor, así como la manera, lugar y forma que pueden comunicarse con el deudor. 15 U.S.C. secs. 1692b y 1692c. Además, prohíbe que un cobrador utilice la representación o medios falsos o engañosos en la gestión de cobro o que incurra en prácticas que la propia legislación define como medios injustos e irrazonables en el ejercicio de esa gestión. 15 U.S.C. sec. 1692e.
Entre otras directrices y limitaciones, [1] la Sección 809 de la FDCPA obliga al cobrador a notificar y validar las deudas que pretende cobrar. 15 U.S.C. sec. 1692g. Esta disposición establece que dentro de cinco días, a partir de la primera notificación de cobro de cualquier deuda, el cobrador tiene que enviar otra comunicación escrita al deudor en la que se le informe: (1) la cantidad de la deuda; (2) el nombre del acreedor que tiene a su favor el pago de la deuda; (3) las advertencias que la deuda se presumirá válida a no ser que el deudor la impugne dentro de un período de treinta días, a partir del recibo de la comunicación; (4) que si somete una comunicación escrita dentro del período de treinta días, la deuda se considerará impugnada y el cobrador obtendrá una verificación de la deuda o copia de la sentencia condenatoria del deudor y que dicha documentación se le enviará por correo al deudor; y (5) que, previa solicitud del deudor, dentro del mencionado período de treinta días, el cobrador proveerá el nombre y la dirección del acreedor original si fuera distinto al actual.
El requisito de la validación detallada de la deuda, como la hemos descrito, no será obligatorio, si esa información se incluyó en la comunicación inicial de cobro. 15 U.S.C. sec. 1692g(a). Debe destacarse que la demanda en una acción judicial de cobro no será considerada como una comunicación inicial para estos propósitos. 15 U.S.C. sec. 1692g(d).
Ante el incumplimiento de las disposiciones del FDCPA, esta legislación crea dos vías remediales: la administrativa y la judicial.
Por la vía administrativa, la FDCPA faculta al Federal Trade Commission (“Comisión”) como entidad encargada del cumplimiento y la ejecución de sus disposiciones. Para cumplir esta encomienda, la Comisión tendrá los mismos poderes y mecanismos que le provee su ley habilitadora, el Federal Trade Commission Act. 15 U.S.C. sec. 16921(a).
En la vía judicial, la FDCPA provee para que las personas perjudicadas por actuaciones abusivas en el ejercicio del cobro de dinero puedan instar una acción civil en contra del cobrador para obtener una compensación por los daños y perjuicios causados por éste en su gestión de cobro. 15 U.S.C. 1692k(a). El deudor perjudicado puede incoar la acción en cualquier tribunal de distrito federal o en cualquier tribunal estatal competente. 15 U. S.C. sec. 1692k(d). Ahora bien, la FDCPA le impone al deudor perjudicado un término prescriptivo de un año desde que ocurrieron las infracciones para poder presentar la acción en contra del cobrador. Id.
No obstante lo ya dicho, para que el cobrador se encuentre en la obligación de cumplir con lo dispuesto en la FDCPA y para que el deudor afectado pueda invocar los remedios que ésta provee, el cobrador debe responder a la definición de “debt collector” establecida en la ley. La FDCPA define “debt collector” como:
“[A]ny person who uses any instrumentality of interstate commerce or the mails in any Business, the principal purpose of which is the Collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due.”
*689 15 U.S.C. sec. 1692a(6).
Por lo general, esta definición no incluye a los acreedores que gestionan el cobro por sí mismos, a no ser que en ese proceso se presenten con un nombre que no sea el propio como si se tratara de un tercero cobrando la deuda frente al deudor. Id.\ David Hilton, As If We Had Enough to Worry About... Attorneys and the Federal Fair Debt Collection Practices Act: Supreme Court Rules on Former Attorney Exemption, 18 Campbell L. Rev. 165, 181 (1996). Incluso, los abogados que regularmente se dedican a gestionar el cobro de deudas en representación de otras personas o entidades están sujetos a los requisitos que impone la FDCPA. Heintz v. Jenkins, 514 U.S. 291, 294 (1995) (“In ordinary English, a lawyer who regularly tries to obtain payment of consumer debts through legal proceedings is a lawyer who regularly ‘attempts’ to ‘collect’ those consumer debts.”).
Como hemos dicho, si estas personas incumplen las disposiciones de la FDCPA, estarán sujetas al proceso administrativo ante el Federal Trade Commission o a ser demandadas judicialmente con una acción de daños. Sin embargo, no surge de la FDCPA que tales infracciones, de ser aplicables a determinada persona o entidad, tengan el efecto de invalidar o anular las acciones judiciales legítimas y oportunas en cobro de dinero. Por el contrario, el estatuto preserva el derecho del acreedor a solicitar remedios judiciales.
La FDCPA establece que si un deudor le notifica por escrito al cobrador que él se rehúsa a pagar la deuda o que desea que el cobrador desista de comunicarse con él, el cobrador no deberá comunicarse más con el consumidor en relación a dicha deuda. 15 U.S.C. sec. 1692c(c). No obstante, el cobrador puede notificar al deudor que: (1) el cobrador cesará de intentar cobrar la deuda; o que (2) el cobrador o el acreedor podría solicitar remedios que, de ordinario, un cobrador o un acreedor puede solicitar; o que (3) el cobrador o el acreedor tiene la intención de invocar o solicitar un remedio específico. Id. En Heintz v. Jenkins, el Tribunal Supremo Federal interpretó que la FDCPA preserva el derecho del acreedor de obtener remedios judiciales al señalar lo siguiente:
“Courts can read these exceptions [de la sección 805, 15 U.S.C. sec. 1692c(c)], plausibly, to imply that they authorize the actual invocation of the remedy that the collector ‘intends to invoke.’ The language permits such a reading, for an ordinary court-related document does, in fact, ‘notify’ its recipient that the creditor may ‘invoke’ a judicial remedy. Moreover, the interpretation is consistent with the statute's apparent objective of preserving creditors' judicial remedies.”
514 U.S. 291, 296 (1995).
En síntesis, luego de evaluar minuciosamente la ley federal invocada por el apelante, podemos concluir que el requisito de validación de la deuda que hemos reseñado no impide que la representación legal del acreedor (o el acreedor mismo) presente una acción judicial contra el deudor para su cobro, dentro del plazo prescriptivo establecido para la deuda específica de que se trate, aún después de enviarle un primer requerimiento de cobro.
B. El cobro de dinero en Puerto Rico
La FDCPA expresamente establece que sus disposiciones no anulan, alteran, afectan o eximen a una persona o entidad del cumplimiento de las leyes estatales que regulan la práctica del cobro de dinero en ese estado. 15 U. S.C. sec. 1692n. A manera de excepción, sólo aquellas disposiciones que sean inconsistentes con lo establecido en la FDCPA serán inaplicables (“only to the extent of the inconsistency”). Id. Dentro de estos parámetros, la legislación estatal no se considerará inconsistente si le provee al deudor mayor protección que la conferida por la FDCPA. Id. Por otro lado, la FDCPA faculta a la Federal Trade Commission a eximir de su aplicación, mediante reglamentación a esos efectos, a los estados en los que las prácticas de cobro legisladas estén sujetas a restricciones similares a las impuestas por la FDCPA y que provean mecanismos adecuados para su ejecución. 15 U.S.C. see. 1692o; Commission’s Rules of Practice, 16 C.F.R. secs. 901.1-901.8. [2]
*690 La Ley de Agencias de Cobro, Ley Núm. 143 del 27 de junio de 1969, según enmendada, 10 L.P.R.A. sees. 981 et seq., regula todo lo relativo al funcionamiento y al proceso de licénciamiento de las agencias de cobro en Puerto Rico. Al igual que la FDCPA, algunos de los propósitos para los que se adoptó esta ley fue eliminar, en lo posible, que se ocasionen daños a terceros por las malas prácticas, la conducta ofensiva y violenta, el abuso y los atropellos de los cobradores de cuentas y para extenderle mayor protección a los consumidores. Martínez v. Chase Manhattan Bank, 108 D.P.R. 515, 523 (1979); Domínguez Rivera v. Tribunal Superior, 103 D.P.R. 117, 120 (1974).
A tales fines, la Ley 143 establece como prácticas prohibidas una serie de conductas abusivas, análogas a las contenidas en la FDCPA. Véase 10 L.P.R.A. see. 98 lp. Asimismo, prohíbe que las agencias de cobro insten una acción judicial “sin antes haber requerido por escrito al deudor para que pague lo adeudado por correo certificado con acuse de recibo.” 10 L.P.R.A. sec. 981p(13). Esta disposición priva al tribunal de jurisdicción en una acción de cobro de dinero presentada por una agencia de cobro mientras no se alegue y se pruebe el cumplimiento de este requisito. Id. Sin embargo, el deudor puede renunciar a esta notificación de forma tácita o expresa. Domínguez Rivera, 103 D.P.R. en lapág. 121 (1974).
La Ley 143 define “agencia de cobro” como “cualquier persona dedicada al negocio de cobrar para otro cualquier cuenta, factura o deuda. Incluye personas que operando bajo un nombre que simule ser el de una agencia de cobro, provee a sus clientes de sistemas de cobro y cartas circulares en las cuales se inste al deudor a hacer sus pagos, ya sea directamente al acreedor o a la agencia de cobros ficticia.” 10 L.P.R.A. sec. 981a(b). No obstante, exime expresamente de su aplicación a los abogados, los bancos, compañías de construcción y financiamiento y asociaciones de ahorro y préstamos, compañías de préstamo y financiamiento, entre otros. [3] Id. en la sec. 981b.
En 1996, la Asamblea Legislativa de Puerto Rico aprobó la Ley Núm. 179 de 3 de septiembre de 1996 para enmendar la Ley de Agencias de Cobro. La nueva ley añade como política pública “que constituye una práctica indeseable que un cobrador haga gestiones, ya sea por teléfono, personalmente o por cualquier otro medio de comunicación, en horas laborables en el lugar de trabajo o empleo del deudor.” 10 L.P.R.A. sec. 980a. Asimismo, define “cobrador” como “toda persona, natural o jurídica, que se dedica principalmente a cobrar deudas de otros,” pero excluye a los abogados que actúan “en el curso de sus gestiones profesionales que no constituyan violaciones a otras leyes.” 10 L.P.R.A. sec. 980b(e).
La Ley 179 también añadió un proceso administrativo mediante el cual una persona que incurra en las infracciones proscritas por la ley podrá ser sancionada por el Departamento de Asuntos del Consumidor con una multa. 10 L.P.R.A. sec. 980d. Asimismo, de manera similar a la FDCPA, se enmendó la Ley de Agencias de Cobro para que una persona pueda acudir a los tribunales para obtener compensación por las violaciones a sus disposiciones, al amparo del Artículo 1802 del Código Civil de Puerto Rico. 10 L.P.R.A. sec. 981p-2. Incluso, la ley enmendada provee expresamente que su interpretación debe realizarse en armonía con las disposiciones de la FDCPA. 10 L.P.R.A. sec. 981p-l.
Por otro lado, y en lo que atañe a este caso, Postal Coop es una cooperativa incorporada al amparo de la Ley de Sociedades y Cooperativas de Ahorro y Crédito, Ley Núm. 155 de 28 de octubre de 2002, 7 L.P.R.A. sees. 1361 et seq. Con relación a los préstamos que conceden estas entidades, el Artículo 6.03(b) establece que “[l]os préstamos que conceden las cooperativas quedarán evidenciados por un pagaré legítimo y por todos aquellos otros documentos que la cooperativa requiera.” 7 L.P.R.A. sec. 1366b(b). Asimismo, establece que “[cjualquier cantidad de dinero que adeude un socio o no socio a una cooperativa por cualquier concepto, incluyendo el pago de cargos por servicio, sobregiros o cualquier otro concepto, se considerará una deuda reconocida y será recobrable por la cooperativa en cualquier tribunal con jurisdicción competente...”.
*691 m
De acuerdo a la normativa antes reseñada, resulta meridianamente claro que las disposiciones de la FDCPA no tienen el efecto de anular los procesos judiciales de cobro de dinero y que, aun de tenerlo en otras circunstancias, no son aplicables a Postal Coop.
Postal Coop no es un cobrador o un agente de cobros para efectos de las disposiciones de la FDCPA o de la Ley de Agentes de Cobro de Puerto Rico. Es una cooperativa sujeta a las disposiciones de la Ley de Sociedades Cooperativas de Ahorro y Crédito y tiene a su favor los remedios que esa ley le concede para cobrar los préstamos que otorga. Del mismo modo, la invocada ley federal no prohíbe de forma alguna que un acreedor inste una acción judicial para el cobro de dinero. Incluso, excluye de su aplicación, por lo general, a los acreedores que gestionan el cobro de las deudas por sí mismos, aunque medie un representante legal.
De acuerdo a la declaración jurada presentada por Postal Coop ante el Tribunal de Primera Instancia, con posterioridad al envío de la carta del 7 de junio de 2007, los funcionarios de la cooperativa, y no un tercero cobrador, trataron de comunicarse formalmente con el señor Cotto Quiñones, pero sus intentos fueron infructuosos. Ya presentada la acción de cobro, por estar vencida y ser líquida y exigible la deuda, ni el señor Cotto, ni su esposa ni la sociedad de gananciales presentaron evidencia de pago del préstamo que él tomó el 29 de enero de 2004, que luego dejó de pagar y dejó un balance de más de $20,000.00 al descubierto. Por ser una deuda contractual, tenía la cooperativa quince años para reclamar su pago, a partir de su incumplimiento, que es cuando pudo ejercitarse, por lo que la defensa de prescripción es inmeritoria. Código Civil de Puerto Rico, Arts. 1864 y 1869, 31 L.P.R.A. sees. 5294 y 5299.
No erró el Tribunal de Primera Instancia al dictar la sentencia que condenó al apelante al pago de lo adeudado a Postal Coop. Ante este foro no han comparecido la señora Bernadette Suriel Núñez ni la sociedad legal de gananciales compuesta por ambos, por lo que la sentencia es final y firme para estas dos partes.
IV
Por los fundamentos expresados, se confirma la sentencia apelada.
Así lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.
Dimarie Alicea Lozada Secretaria del Tribunal de Apelaciones
ESCOLIOS 2010 DTA12

. La FDCPA establece las especificaciones que debe seguir el agente de cobros cuando gestione el cobro de múltiples deudas correspondientes a un sólo deudor. 15 U.S.C. 1692h. Asimismo, si el agente desea incoar una acción judicial contra el deudor, esta ley lo obliga a presentarla en un tribunal cuya competencia corresponda al lugar en que se firmó el contrato del que surgió la deuda o donde resida el deudor. Cuando se trate de una medida de aseguramiento de sentencia sobre una propiedad inmueble (“real property”), la acción debe presentarse en el tribunal correspondiente a la ubicación de esa propiedad. 15 U.S.C. 1692L

. Esta sección del reglamento de la Federal Trade Commission regula el proceso mediante el cual los estados pueden solicitar y obtener exención de la aplicación de la FDCPA.

. Excluye, además, a los corredores de bienes raíces, oficiales públicos o personas que actúen bajo orden de un tribunal, compañías de construcción y financiamiento o de seguros.