ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| ISLAND PORTFOLIO SERVICES, LLC., como agente de ACE ONE FUNDING, LLC.<br><br>Parte Apelante<br><br><br>v.<br><br><br>ALEXANDER SANTIAGO CORA<br><br>Parte Apelada | KLAN202301133 | *Apelación,* procedente del Tribunal de Primera Instancia, Sala Superior de Guayama<br><br>Caso Núm.: AY2023CV00087<br><br>Sala: 306<br><br><br>Sobre: COBRO DE DINERO REGLA 60 |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y el Juez Cruz Hiraldo.

Monge Gómez, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 29 de enero de 2024.

Compareció ante este Tribunal la parte apelante, Island Portfolio Services, LLC. (en adelante, "Island" o el "Apelante"), como agente de Ace One Funding, LLC (en adelante, "ACE"), mediante recurso de apelación presentado el 18 de diciembre de 2023. Nos solicitó la revocación de la *Sentencia* dictada por el Tribunal de Primera Instancia, Sala Superior de Guayama (en adelante, el "TPI"), el 16 de noviembre de 2023, notificada y archivada en autos al día siguiente. Mediante el referido dictamen, el foro apelado desestimó, sin perjuicio, la "**Demanda**" incoada por el Apelante por falta de jurisdicción.

Por los fundamentos que expondremos a continuación, *revocamos* la *Sentencia* apelada.

## I.

El caso ante nuestra consideración inició el 19 de julio de 2023, con la presentación de una "**Demanda**" en cobro de dinero, en virtud del procedimiento sumario dispuesto en la Regla 60 de Procedimiento Civil, 32

Número Identificador
SEN2024_____

LPRA Ap. V. Allí, Island arguyó que el Sr. Alexander Santiago Cora (en adelante, el "señor Santiago Cora" o el "Apelado") adeudaba la suma de $2,132.22 por concepto de cierto préstamo personal. Acreditó haber enviado una carta por correo certificado, con acuse de recibo, conforme a lo dispuesto en el Artículo 17(13) de la Ley Núm. 143 de 27 de junio de 1968, según enmendada, conocida como la "Ley de Agencias de Cobro", 10 LPRA sec. 981 *et seq.* (en adelante, "Ley Núm. 143"). Según los documentos anejados, surge de los récords del Servicio Postal de los Estados Unidos que ésta fue recibida por el Apelado mediante un agente.

Expedida la "**Notificación-Citación**", el foro primario señaló juicio para el 12 de octubre de 2023. Así las cosas, el 29 de septiembre de 2023, el Apelante presentó "**Moción Informativa**" en la que acreditó haber cursado copia de la "**Demanda**" y de la "**Notificación-Citación**" a la última dirección conocida del señor Santiago Cora. Llegado el día del juicio, surge de la Minuta que el señor Santiago Cora no compareció ni excusó su ausencia. No obstante, debido a que la carta de cobro había sido diligenciada a un agente, el foro apelado emitió una *Orden* el 12 de octubre de 2023, para que el Apelante presentara una certificación que hiciera constar que el señor Santiago Cora designó a un agente para recibir su correspondencia. Asimismo, indicó que de no presentar dicha evidencia desestimaría la "**Demanda**" por falta de jurisdicción por el incumplimiento con el Artículo 17(13) de la Ley de Agencias de Cobro, *supra*, y con la Regla 16(17) del Reglamento Núm. 6451 del Departamento de Asuntos al Consumidor de 2 de mayo de 2022, también conocido como "Reglamento sobre Agencias de Cobro" (en adelante, "Reglamento Núm. 6451").

El 20 de octubre de 2023, Island presentó "**Moción Informativa**" en la cual expresó que el foro *a quo* impuso una carga al Apelante de evidenciar documentos y/o procesos que son del único conocimiento del señor Santiago Cora y del sistema de correo federal de los Estados Unidos. De igual manera, indicó que reiteraba su posición en cuanto a que cumplió con enviar el aviso de cobro a la última dirección conocida del Apelado y que ésta había sido recibida.

No obstante lo anterior, el tribunal de instancia dictó *Sentencia* el 16 de noviembre de 2023, notificada al día siguiente, mediante la cual desestimó la "**Demanda**", sin perjuicio, por falta de jurisdicción. Allí expuso que la Ley de Agencias de Cobro, *supra*, exige prueba de la notificación y recepción de la carta de cobro. Así pues, indicó que el argumento de Island, en cuanto a la imposibilidad de poder evidenciar la designación de un agente, era improcedente pues el Apelante no demostró haber solicitado dicha información al correo postal. Por tanto, ante la falta de gestión o intento de gestión para cumplir con la *Orden* del 12 de octubre de 2023, y en ausencia de conocer la designación de un agente, el foro primario concluyó que no se cumplió con el Artículo 17(13) de la Ley de Agencias de Cobro, *supra*, y su reglamento, lo cual, privó al TPI de jurisdicción.

Inconforme, el 18 de diciembre de 2023, Island presentó ante nuestra consideración el recurso de apelación que nos ocupa. Mediante el mismo, le imputó al foro primario haber cometido el siguiente error:

<u>Único error:</u>
**Incidió el Honorable Tribunal de Primera Instancia al desestimar el caso debido a que el aviso de cobro - cursado a la última dirección conocida del demandado-apelado- fue marcado como "*delivered to agent for Final Delivery*", cuando la Ley de Agencias de Cobro y su Reglamento, así como las determinaciones del Foro Apelativo han determinado que una agencia de cobro debe cursar a la última dirección conocida de un deudor una carta de interpelación, sin que sea requisito [*sine qua non*] que éste a reciba.**

El 10 de enero de 2024, se le concedió un término al señor Santiago Cora para presentar su escrito en oposición. Ha transcurrido en exceso del plazo concedido sin que este último cumpliera con la referida orden.

En vista de lo anterior, adjudicamos los méritos de la controversia planteada, sin el beneficio de su comparecencia.

**II.**

**A.**

Reiteradamente, nuestro Tribunal Supremo ha sostenido "que los tribunales debemos ser celosos guardianes de nuestra jurisdicción, por lo cual los asuntos relacionados con esta son privilegiados y deben atenderse de manera preferente". <u>Ruíz Camilo v. Trafon Group, Inc</u>*,* 200 DPR 254,

268 (2018); Mun. de San Sebastián v. QMC Telecom, 190 DPR 652, 660 (2014); Horizon v. Jta. Revisora, RA Holdings, 191 DPR 228, 234 (2014); Cordero *et al.* v. ARPe *et al.,* 187 DPR 445, 457 (2012).

La ausencia de jurisdicción tiene los siguientes efectos: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal, como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio.* Fuentes Bonilla v. ELA, 200 DPR 364, 372-373 (2018); González v. Mayagüez Resort & Casino, 176 DPR 848, 855 (2009); Pagán v. Alcalde Mun. de Cataño, 143 DPR 314, 326 (1997); Vázquez v. A.R.P.E., 128 DPR 513, 537 (1991). Por tanto, si se carece de jurisdicción, solo resta declararlo así y desestimar la reclamación sin entrar en los méritos de la controversia. Ruiz Camilo v. Trafon Group, Inc., *supra*, pág. 268; Matos Zayas y otro. v. Registradora de la Propiedad, 2023 TSPR 148, 213 DPR ___ (2023).

**B.**

La Regla 60 de Procedimiento Civil regula el procedimiento sumario de la acción de cobro de dinero para cantidades que no excedan los quince mil dólares ($15,000.00), excluyendo intereses. 32 LPRA Ap. V, R. 60. Su propósito es "agilizar y simplificar los procedimientos en acciones de reclamaciones de cuantías pequeñas, para así lograr la facilitación del acceso a los tribunales y una justicia más rápida, justa y económica en este tipo de reclamación". Asoc. Res. Colinas Metro. v. S.L.G., 156 DPR 88, 97 (2002) (énfasis omitido).

Debido a la naturaleza sumaria del procedimiento bajo la Regla 60, *supra*, las reglas de procedimiento civil ordinario sólo aplican de forma supletoria y en la medida en que sean compatibles con el propósito que persigue esta regla. Íd., pág. 98; Primera Cooperativa de Ahorro v. Hernández Hernández, 205 DPR 624, 631 (2020). Así, en el procedimiento

sumario bajo la Regla 60, *supra*, se prescinde de la contestación a la demanda, del descubrimiento de prueba y de las estrictas exigencias del diligenciamiento ordinario de un emplazamiento. Íd., pág.97.

Según dispuesto en la referida Regla 60, *supra,* en lugar del emplazamiento formal, en este tipo de procesos se notificará mediante una citación que indique la fecha señalada para la vista en su fondo, con la advertencia de que en dicho proceso la parte demandada "deberá exponer su posición respecto a la reclamación, y que si no comparece podrá dictarse sentencia en rebeldía en su contra". Íd. Si la parte demandada comparece a la vista puede refutar el derecho del demandante al cobro de dinero, así como cualquier otra cuestión litigiosa. Asoc. Res. Colinas Metro. v. S.L.G., *supra*, pág. 99.

Ahora bien, "[s]i la parte demandada no comparece y el Tribunal determina que fue debidamente notificada y que le debe alguna suma a la parte demandante, será innecesaria la presentación de un testigo por parte del demandante y el Tribunal dictará sentencia conforme a lo establecido en la Regla 45". Íd. Es decir, que el sólo hecho de que el demandado no comparezca a la vista no releva al demandante de su obligación de demostrarle al tribunal que tiene a su favor una deuda líquida y exigible, que el demandado y que la notificación-citación a éste efectivamente se diligenció. Por tanto, el Tribunal no puede descansar simplemente en las alegaciones, aunque éstas contengan hechos específicos y detallados. Primera Cooperativa de Ahorro v. Hernández Hernández, *supra*, pág. 632.

### C.

En armonía con la *Fair Debt Collection Practices Act*, 15 USC secs. 1692 *et seq.*, y debido a la mala práctica, el abuso y la conducta ofensiva y violenta de los cobradores, la Asamblea Legislativa aprobó la Ley de Agencias de Cobro, *supra*, con el fin de reprimir dichas actuaciones y atropellos en contra de los deudores. Martínez v. Chase Manhattan Bank, 108 DPR 515, 523 (1979).

En cuanto al caso que nos ocupa, el Artículo 17 de dicho estatuto dispone aquellas prácticas prohibidas por las agencias de cobro. En

específico, el inciso 13 del aludido Artículo, en su parte pertinente, lee como sigue:

Ninguna agencia de cobros podrá:

[…]

Radicar acción judicial en cobro de dinero sin antes haber requerido por escrito al deudor para que pague lo adeudado **por correo certificado con acuse de recibo**. Ningún Tribunal podrá asumir jurisdicción en una acción de cobro de dinero tramitada por una agencia de cobro sin que se alegue y se pruebe el cumplimiento de este requisito. 10 LPRA sec. 981p (énfasis suplido).

Por otro lado, el Reglamento Núm. 6451, aprobado con el propósito de establecer mecanismos protectores al deudor contra las prácticas indeseables de las agencias de cobro, reitera en su Regla 16(17) dicha prohibición. Tanto el estatuto como su cuerpo reglamentario disponen que el foro de instancia no podrá asumir jurisdicción en aquellos casos en que no se dé fiel cumplimiento con el requisito de solicitar al deudor, mediante correo certificado con acuse de recibo, el pago de lo adeudado. Ello fue así reiterado por nuestro más alto foro judicial en Domínguez Rivera, *et al.* v. Tribunal Superior de Puerto Rico, 103 DPR 117 (1974), al establecer que:

Lo que la ley especial ordena es que el tribunal se abstenga de ejercitar tal jurisdicción en pleitos en cobro de dinero promovidos por agencias de cobros si no se alega y prueba que antes de iniciar la acción judicial la acreedora requirió 'por escrito al deudor para que pague lo adeudado por correo certificado con acuse de recibo'. El propio texto del artículo supedita la cuestión jurisdiccional a un aviso o notificación a la persona demandada. Íd., pág. 119.

A tenor con lo anterior, el Tribunal Supremo ha establecido que el propósito de dicha notificación es otorgarle al deudor una oportunidad final "de cumplir su obligación sin exponerlo a las consecuencias económicas, la sanción moral y la perturbación que en términos generales descarga todo litigio sobre un demandado". Íd., pág. 121.

**III.**

En el único error señalado, Island alega que no actuó correctamente el foro apelado al desestimar la "**Demanda**" debido a que el aviso de cobro cursado fue marcado como "*delivered to agent for Final Delivery*", cuando la Ley de Agencias de Cobro, *supra*, y su reglamento requieren que la

misma sea enviada a la última dirección conocida del deudor, sin que sea requisito *sine qua non* que ésta sea recibida.

Ciertamente, tanto la Ley de Agencias de Cobro, *supra*, como el Reglamento Núm. 6451 expresamente establecen que se tiene que interpelar por escrito, mediante correo certificado con acuse de recibo, al deudor para que pague lo adeudado. Asimismo, ambos cuerpos legales indican que **el tribunal tendrá jurisdicción cuando la agencia de cobro alegue y pruebe el cumplimiento con dicho requisito**. Es decir, la jurisdicción está supeditada al cumplimiento del envío de la misiva al deudor, de conformidad con la ley y el reglamento.

En el caso de autos, no existe controversia en que el Apelante envió al señor Santiago Cora, mediante correo certificado con acuse de recibo a la última dirección conocida, la interpelación requerida por la Ley de Agencia de Cobro, *supra*, y su reglamento. La controversia surge debido a que del *Electronic Delivery Confirmation* aparece que la misma fue recibida por un agente (*Delivered to Agent*).

La Ley de Agencias de Cobro, *supra*, no le exige como requisito a la agencia de cobro demostrar que la misma haya sido recibida por el propio deudor, sino que la misma haya sido enviada a la última dirección conocida de éste mediante correo certificado con acuse de recibo. Recordemos que el propósito de la interpelación es otorgarle al deudor una última oportunidad de cumplir con el pago antes de comenzar un proceso judicial. De igual forma, reiteramos que la finalidad de la Ley Núm. 143 de 1968, *supra*, y el Reglamento Núm. 6451, *supra*, es eliminar la mala práctica, el abuso y la conducta ofensiva y violenta de los cobradores. Cual discutido, la Ley de Agencias de Cobros, así como la *Fair Debt Collection Practices Act* y la jurisprudencia federal interpretativa **no** condicionan el **recibo restringido del aviso de cobro por parte del deudor para que una compañía acreedora pueda iniciar el procedimiento de cobro al amparo de la Regla 60 de las de Procedimiento Civil**. Así pues, una agencia de cobro cumple con dicho requisito jurisdiccional cuando acredita el envío fehaciente del aviso de cobro a la dirección conocida del deudor.

En este caso, Island cumplió con el Artículo 17(13) de la Ley de Agencias de Cobro, *supra*, y la Regla 16(17) del Reglamento Núm. 6451, *supra*, pues envió la misiva a la última dirección conocida del deudor antes de radicar la "**Demanda**" de cobro y la misma fue recibida por un alegado agente del deudor. Distinto hubiese sido si la misma hubiera sido devuelta por el servicio postal por dirección insuficiente. Más aún cuando los autos revelan que la dirección a la que Island le remitió al Apelado la interpelación previo a la iniciación del pleito es la misma a la que le envió la Notificación-Citación del juicio y la misma aparece como "delivered" o entregada.

Por tanto, el envío y prueba de ello, cumple con el propósito de notificación, conforme requiere la Ley de Agencias de Cobro, *supra*. De igual forma, al ser recibida se cumple con el propósito de la interpelación que requiere la ley como requisito jurisdiccional, el cual es notificar al deudor antes de comenzar un proceso judicial. Así pues, somos de la opinión que la intención de la Asamblea Legislativa es la garantía de que ésta sea recibida por su destinatario en la última dirección conocida. Ello, de ninguna forma, debe interpretarse como que dicha entrega deba ser una **restringida**. Sino que basta con que haya sido recibida.

Por consiguiente, erró el foro de instancia al declararse sin jurisdicción y desestimar la "**Demanda**" debido al incumplimiento con la *Orden* del 12 de diciembre de 2023, pues Island sí cumplió con el Artículo 17(13) de la Ley de Agencias de Cobro, *supra*, al alegar y probar que le requirió al deudor el pago a la última dirección conocida, a través de un correo certificado con acuse de recibo. En vista de ello, el foro apelado posee jurisdicción para continuar con el procedimiento sumario, en virtud de la Regla 60 de Procedimiento Civil, *supra*.

**IV.**

Por los fundamentos que anteceden, los cuales hacemos formar parte integral del presente dictamen, se *revoca* la *Sentencia* apelada y se devuelve el caso al foro de instancia para la continuación de los procedimientos.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones