Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| ISLAND PORTFOLIO SERVICES, LLC COMO AGENTE DE FAIRWAY ACQUISITIONS FUND, LLC<br><br>Recurridos<br><br>v.<br><br>IVELISSE TIRADO CÁCERES<br><br>Peticionaria | TA2026CE00110 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Caguas<br><br>Caso Núm.: CG2025CV03380<br><br>Sobre: Cobro de Dinero, Regla 60 |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Ronda Del Toro y la Jueza Lotti Rodríguez

*Grana Martínez, Jueza Ponente*

**SENTENCIA**

En San Juan, Puerto Rico, a 17 de marzo de 2026.

La peticionaria Ivelisse Tirado Cáceres solicita que revisemos la denegatoria del Tribunal de Primera Instancia a una Moción de Relevo de Sentencia.

La recurrida Island Portfolio Services LLC presentó su oposición al recurso.

I

Los hechos procesales pertinentes para atender y resolver este recurso son los siguientes.

La recurrida presentó una demanda en cobro de dinero contra la peticionaria. La demanda se presentó al amparo de la Regla 60 de Procedimiento Civil, 32 LPRA Ap. V. El TPI ordenó la expedición de la notificación citación y señaló vista urgente. La recurrida acompañó la hoja de rastreo del correo postal USPS marcada como no reclamada para acreditar que envió a la peticionaria la carta de cobro, mediante correo certificado con acuse de recibo. La peticionaria no acudió a la vista. El TPI anotó su rebeldía y dictó

sentencia declarando ha lugar la demanda. El foro recurrido ordenó a la peticionaria pagar a la recurrida las cantidades reclamadas.

El 11 de diciembre de 2025 la peticionaria presentó una moción de relevo de sentencia. Su representación legal adujo que el TPI actuó sin jurisdicción, porque la recurrida no acreditó la notificación de la carta de cobro conforme a derecho. Según la peticionaria el TPI no tenía jurisdicción, porque la recurrida omitió presentar el acuse de recibo que acreditaba la entrega de la carta de cobro o que fue dejada en la dirección o buzón de la peticionaria.

La recurrida se opuso al relevo de la sentencia, por los fundamentos siguientes: (1) en el mecanismo de rastreo del correo postal consta que la carta fue marcada "unclaimed" el 6 de diciembre de 2024, (2) el Tribunal de Apelaciones ha validado el uso del acuse de recibo electrónico que puede ser visto mediante mensaje de texto o en el portal electrónico del correo y, (3) el legislador no condicionó la jurisdicción del tribunal a presentación del recibo físico de la entrega de la carta de cobro.

El TPI declaró no ha lugar la moción de relevo de sentencia.

Inconforme la peticionaria presentó este recurso en el que alega que:

> Erró el Tribunal de Primera Instancia al emitir una Sentencia sin haber obtenido jurisdicción. Dicha Sentencia es nula pues el Demandante es una agencia de Cobro de Dinero regida por la Ley 145 de 1968. Dicha ley le priva de jurisdicción al Tribunal si no se le prueba al Tribunal que la carta de cobro fue enviada por correo certificado con acuse de recibo. En el expediente del caso no surge evidencia alguna de ACUSE DE RECIBO o de haberse solicitado por lo que el Tribunal nunca obtuvo jurisdicción y cualquier sentencia es nula

II

FALTA DE JURISDICCIÓN

La jurisdicción es el poder de los tribunales para considerar y decidir los casos y las controversias ante su consideración. Los tribunales son responsables de examinar su propia jurisdicción

antes de entrar a adjudicar una controversia. La falta de jurisdicción priva al tribunal de autoridad para atender la controversia. Los tribunales tienen que ser guardianes celosos de su jurisdicción. Por esa razón, están obligados a atender los asuntos jurisdiccionales con preferencia, independientemente de si la jurisdicción fue cuestionada por una parte o si lo hacen motu propio. La ausencia de jurisdicción trae consigo las consecuencias siguientes (1) no es susceptible de ser subsanada, (2) las partes no pueden conferirle jurisdicción al tribunal y este tampoco puede abrogársela y, (3) conlleva la nulidad de los dictámenes emitidos. Un tribunal que no tiene jurisdicción está obligado a desestimar la reclamación sin entrar en los méritos de la controversia. *Markovic v. SLG Meldon y otro,* 2025 TSPR 99, 216 DPR ____ (2025); *Freire Ruiz v. Morales, Hernández,* 2024 TSPR 129, 215 DPR ___(2024).

## CERTIORARI POST SENTENCIA

Nuestro ordenamiento procesal civil regula el recurso de certiorari, que se define como el vehículo procesal que permite a un tribunal de mayor jerarquía revisar las decisiones de un tribunal inferior. 32 LPRA sec. 3491; *Allio v. Santiago Chardón,* 2026 TSPR 13; *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020); *IG Builders et al v. BBVAPR,* 185 DPR 307, 337 (2012). Este mecanismo procesal permite al foro revisor corregir algún error cometido por el tribunal de menor jerarquía. *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 729 (2016). El certiorari es un recurso de carácter discrecional. Esta discreción, ha sido definida jurisprudencialmente "como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera." *Allio v. Santiago Chardón,* supra; *Negrón v. Srio. de Justicia,* 154 DPR 79, 91 (2001).

El auto de certiorari está delimitado por la Regla 40 de este Tribunal. Esta regla contiene una serie de criterios que ayudan a

dirigir el juicio de este foro al momento de decidir expedir o denegar el auto solicitado. Dichos criterios reglamentarios son los siguientes:

A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B) Si la situación de los hechos planteada es la más indicada para analizar el problema.

C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.

D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.

E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40., *Allio v Santiago Chardón,* supra*.*

En cuanto a la facultad discrecional de denegar o expedir el auto solicitado, el tribunal, de forma comedida, puede inclinarse a expedir el recurso y adjudicarlo en sus méritos. Al tomar la referida decisión, el foro revisor asume jurisdicción sobre el asunto expuesto ante su consideración. Así pues, revisa e interviene con las decisiones del foro recurrido, para auscultar que estas sean justas y conforme a la normativa aplicable. *Negrón v. Srio. de Justicia*, supra.

### LA MOCIÓN DE RELEVO DE SENTENCIA

El inciso d de la Regla 49. 2 de Procedimiento Civil, 32 LPRA Ap. V, contempla el relevo de los efectos de una sentencia porque es nula. Una sentencia es nula cuando el tribunal actuó sin jurisdicción o quebrantó el debido proceso de ley. El ejercicio de discreción no tiene cabida, cuando la sentencia es nula. Los

tribunales están obligados a conceder el relevo de una sentencia nula independientemente de los méritos que pueda tener la defensa o reclamación del perjudicado. Una sentencia nula no surte efecto alguno, porque es sinónimo de inexistente. El promovente de una moción al amparo de la Regla 49.2 *supra*, no está limitado por el término de seis meses, si existe certeza de que la sentencia cuyo relevo solicita es nula. Dicha certeza hace mandatorio declarar la inexistencia de la sentencia, independientemente de que la solicitud sea posterior al plazo de seis meses. *HRS Erase v. CMT*, 205 DPR 689, 697-699 (2020).

### LEY DE AGENCIAS DE COBRO
Ley Núm. 143 de 27 de junio de 1968, según enmendada
10 LPRA sec. 981 et seq.

La ley habilitadora de las Agencias de Cobros prohíbe expresamente; radicar acción judicial en cobro de dinero sin antes haber requerido por escrito al deudor para que pague lo adeudado por correo certificado con acuse de recibo. Ningún tribunal podrá asumir jurisdicción en una acción de cobro de dinero tramitada por una agencia de cobro sin que se alegue y se pruebe el cumplimiento de este requisito. Artículo 17, Ley 143-1968; 10 LPRA sec. 981p (13).

Dentro del marco de la Ley Núm. 143, *supra,* se encuentra la protección del deudor. *Domínguez Rivera v. Tribunal Superior,* 103 DPR 117, 120-121 (1974). Sus disposiciones se interpretarán de forma armónica con las del *Fair Debt Collection Practices Act.* 10 LPRA sec. 981p-1. El requisito jurisdiccional de notificación previa por escrito y mediante correo certificado con acuse de recibo, le brinda al deudor la oportunidad final de cumplir su obligación, sin exponerse a las consecuencias económicas, las sanciones morales y la perturbación que todo litigio ocasiona a un demandado. La notificación previa al deudor antes de entablar la demanda judicial es parte inseparable del debido proceso de ley. Su omisión vicia la

sentencia y la convierte en inválida e ineficaz. *Domínguez Rivera v. Tribunal Superior,* supra.

<u>ARTÍCULO19 DEL CÓDIGO CIVIL 2020</u>

El texto de la ley no puede ser menospreciado, cuando su letra es clara y libre de ambigüedad. 31 LPRA sec. 5341.

### III

La peticionaria cuestiona la denegatoria a la moción de relevo de sentencia. Su representación legal sostiene que el TPI no tenía jurisdicción para atender el caso ni para dictar sentencia, porque la recurrida no evidenció el acuse de recibo que acreditaba el envío de la carta de cobro. Según la peticionaria, la agencia de cobro estaba obligada a evidenciar el acuse de recibe, mediante la presentación de la tarjeta verde o de forma digital. Por último, aduce que el hecho de que no reclamara la carta no subsana la falta de jurisdicción y que el tracking del correo no equivale al acuse de recibo.

Por su parte, la recurrida alega que la ley no exige que el deudor firme el acuse de recibo, ni que la correspondencia sea efectivamente recibida. Su representación legal sostiene que únicamente se requiere que la correspondencia sea enviada por correo certificado con acuse de recibo. La agencia de cobro aduce que es imposible que presente el documento que refleja la firma, hora y fecha de entrega de la carta de requerimiento de cobro, porque la peticionaria nunca reclamó la correspondencia. Por último, sostiene que la peticionaria no alegó que fue notificada a una dirección incorrecta y que surge del expediente que se notificó a la última dirección conocida.

La expedición de recurso es necesaria, porque la controversia versa sobre el cumplimiento de un requisito jurisdiccional, cuyo incumplimiento priva al tribunal de autoridad para atender y resolver el caso. Igualmente, no podemos pasar por alto que el

objetivo de la Ley Núm. 13, *supra,* es la protección al deudor y que el envío de la carta de cobro es parte del debido proceso de ley.

La controversia se reduce a determinar, si las agencias de cobro están obligadas a presentar el acuse de recibo, bien sea mediante el documento descrito como tarjeta o mediante recibo electrónico. La letra de la ley es más que clara y no existe margen a interpretación alguna. El legislador condicionó expresamente, la jurisdicción del tribunal a que la agencia de cobro evidenciara el envío de la carta de cobro mediante correo certificado con acuse de recibo. Por esa razón, es evidente que la recurrida estaba obligada a presentar el acuse de recibo, mediante la presentación de la tarjeta verde o de forma electrónica. El recurrido no evidenció el cumplimiento del requisito jurisdiccional de ninguna de las dos formas posibles. La hoja de rastreo del correo postal no satisface la exigencia legislativa, porque no está contemplada en la ley como un medio para demostrar el envío de la carta con acuse de recibo. El TPI no tenía autoridad para actuar en el caso y dictar sentencia, porque la recurrida incumplió con un requisito jurisdiccional. El foro primario estaba obligado a conceder el relevo, porque la consecuencia del incumplimiento de ese requisito jurisdiccional es la nulidad de la sentencia.

Por otro lado, no encontramos fundamento para concluir que las exigencias del inciso trece, del Artículo diecisiete, *supra*, conflijan o sean incompatibles con la legislación federal. Adviértase que la ley federal, considera que las leyes estatales no son incompatibles, si otorgan mayor protección al consumidor, en este caso el deudor.[1] El propósito del requisito de envío de la carta de cobro mediante correo ordinario y con acuse es parte del debido proceso de ley, porque brinda al deudor la oportunidad final de cumplir la obligación.

---

[1] Véase 15 USCA sec. 1692 n.

Además, el acuse de recibo es la evidencia de que la carta de cobro se entregó al deudor o que fue dejada en su buzón o dirección.

IV

Se expide el recurso, se revoca la resolución recurrida y se concede el relevo de la sentencia porque es nula.

Notifíquese.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís<br>Secretaria del Tribunal de Apelaciones