[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-11501
Non-Argument Calendar
_____

D.C. Docket No. 9:15-cv-81263-KAM

GEORGE C. GRIMSLEY,

Plaintiff - Appellant,

versus

PALM BEACH CREDIT ADJUSTERS, INC.,
d.b.a. Focus Financial Services,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 31, 2017)

Before MARTIN, JILL PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

George Grimsley, proceeding *pro se*, appeals from the district court's order granting summary judgment to Palm Beach Credit Adjusters, Inc., d/b/a Focus Financial Services ("Focus") on his claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), arising out of Focus's efforts to collect debts Grimsley allegedly owed a third party.  The district court granted summary judgment to Focus on all of Grimsley's claims, concluding that Grimsley failed to raise a genuine issue of material fact for trial.  Having thoroughly reviewed the record in this case, we likewise conclude that Grimsley identified no evidence sufficient to create a genuine issue of material fact as to any of his FDCPA claims. Thus, we affirm.

## I.    FACTUAL BACKGROUND

Cardiology Partners retained Focus to collect three past due medical bills totaling $90.66 from Grimsley.[1]  Focus received the first delinquent account on July 8, 2015, and mailed Grimsley a written collection notice regarding the bill that same day.  However, the letter was returned, and Grimsley claims never to have received it.[2]  Focus received the second and third accounts on July 31, and again mailed Grimsley a collection notice.  Focus placed telephone calls to Grimsley regarding the debts on July 31, 2015 at 4:40 p.m.; August 3, 2015 at 9:22 a.m.;

---

[1] The individual debts were for $32.13, $16.43, and $42.10.

[2] The undisputed evidence shows that Focus mailed the collection notices to the address Grimsley had provided to Cardiology Partners using the United States Postal Service's National Change of Address service.

August 5, 2015 at 9:10 a.m.; and August 10, 2015 at 11:51 a.m.  Grimsley did not answer the phone on any of these occasions, so Focus left him voicemail messages.  At no point did Focus speak to Grimsley regarding the accounts or receive any written or oral communication from him requesting that it cease its debt collection efforts.

Grimsley filed a *pro se* complaint in the Circuit Court of Palm Beach County bringing claims under the FDCPA for failure to provide written collection notice, harassment,[3] and unconscionable debt collection practices, and Focus removed the case to the district court.  Grimsley later amended his complaint, but continued to assert the same claims.  Focus moved for summary judgment, and the district court granted the motion.  This is Grimsley's appeal.

## II.    LEGAL STANDARD

"We review *de novo* the district court's grant of a motion for summary judgment, considering all of the evidence and the inferences it may yield in the light most favorable to the nonmoving party."  *Ellis v. England*, 432 F.3d 1321, 1325 (11th Cir. 2005).  A movant is entitled to summary judgment if he can "show[] that there is no genuine dispute as to any material fact and the movant is

---

[3] Though one of Grimsley's harassment claims is not styled as such either below or here, we construe *pro se* pleadings liberally, and the claim is in substance one for harassment.  *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.").

entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact." *FindWhat Inv'r Grp. v. FindWhat.com*, 658 F.3d 1282, 1307 (11th Cir. 2011).  "A dispute over such a fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* (internal quotation marks omitted).  If the movant satisfies its initial burden, the nonmoving party must then identify record evidence containing "specific facts showing that there is a genuine issue for trial" to defeat the movant's summary judgment motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (internal quotation marks omitted).

## III.   ANALYSIS

On appeal, Grimsley challenges the district court's grant of summary judgment to Focus as to his claims of failure to provide written collection notice, harassment, and unconscionability under the FDCPA.[4]  We conclude that Grimsley failed to show the existence of a genuine issue of material fact as to any of his claims, and thus affirm the district court's grant of summary judgment to Focus.[5]

---

[4] Under a header styled "Argument One," Grimsley asserts that Focus "improperly interjected issues into this lawsuit," Appellant's Br. at 1, which is apparently an argument that the magistrate judge improperly denied his motion for a protective order.  However, Grimsley expressly disavows any challenge to the magistrate judge's denial of his motion for a protective order in his reply brief.

[5] Grimsley challenges the removal of this suit from state court based, as best we can tell, on lack of subject-matter jurisdiction.  A "civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant

**A.    FDCPA Failure to Provide Written Notice Claim**

Grimsley asserts that the district court erred in granting summary judgment to Focus on his claim that Focus failed to send him written collection notices regarding his alleged debts.  We conclude that Grimsley has established no genuine issue of material fact as whether Focus sent him collection notices.  The district court's grant of summary judgment to Focus on this claim was proper.

"Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall . . . send the consumer a written notice containing" certain information regarding the debt, unless that information was "contained in the initial communication or the consumer has paid the debt."  15 U.S.C. § 1692g(a).  Within thirty days of receiving this written notice, a consumer may "notif[y] the debt collector in writing . . . that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor," in which case

> the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

. . . to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  Grimsley brought claims under the FDCPA; the district court thus had original jurisdiction over this action because it "ar[ose] under the . . . laws . . . of the United States."  28 U.S.C. § 1331.  Accordingly, removal was proper.

*Id.* § 1692g(b).  Failure to provide a written collection notice gives rise to liability for damages.  *Id.* § 1692k(a).

Randy Kovalsky, Focus's Director, testified by affidavit that Focus mailed Grimsley the required collection notices shortly after receiving his accounts from Cardiology Partners on July 8 and 31, 2015.  Kovalsky's affidavit testimony satisfied Focus's "initial burden of demonstrating the absence of a genuine dispute of material fact."  *FindWhat*, 658 F.3d at 1307.  Grimsley then bore the burden of coming forward with record evidence containing "specific facts showing that there is a genuine issue for trial."  *Celotex*, 477 U.S. at 324 (internal quotation marks omitted).  He has not met that burden.

Grimsley asserts that he received no collection notices from Focus.  He offers no record evidence, however, such as a sworn affidavit, to support this claim—only unsworn assertions, which cannot create a genuine issue of material fact to defeat summary judgment.  *See Gordon v. Watson*, 622 F.2d 120, 123 (5th Cir. 1980)[6] ("Although pro se litigants are not held to the same standards of compliance with formal or technical pleading rules applied to attorneys, we have never allowed such litigants to oppose summary judgments by the use of unsworn materials.").  In any event, the FDCPA's plain language requires only that Focus

---

[6] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

have "*sen*[*t*] [Grimsley] a written notice," not that Grimsley have received one.  15 U.S.C. § 1692g(a) (emphasis added); *see Mahon v. Credit Bureau of Placer Cty. Inc.*, 171 F.3d 1197, 1201 (9th Cir. 1999) (holding that § 1692g(a)'s "plain language . . . does not require that a Validation of Debt Notice must be received by a debtor," but "states that such a Notice need only be sent to a debtor"). Grimsley's failure to receive collection notices, taken alone, does not rebut Focus's evidence that it sent them.

Grimsley also points to a notice of returned mail that Focus received on July 1, 2015, seven days before receiving Grimsley's first account for collection.  He argues that Focus could not have sent him collection notices on or after July 8, given that those notices were returned to it a week earlier.  That isn't so—Focus could have resent Grimsley any collection notice returned to it.  More fundamentally, Grimsley identifies no evidence that the returned mail contained any of the collection notices that Focus claims to have sent him; any guess as to its contents would be pure speculation.  And even if Grimsley could show that the returned mail contained one or more collection notices, that would only prove that Focus did indeed mail them.  The fact that Focus received a notice of returned mail on July 1 thus creates no genuine issue of material fact as to whether Focus sent Grimsley the collection notices.

Unrebutted evidence shows that Focus mailed Grimsley the required written collection notices at the address Grimsley gave Cardiology Partners.  Thus, the district court's grant of summary judgment to Focus on this claim was proper.

## B.     FDCPA Harassment Claims

Grimsley asserts that the district court erred in granting summary judgment to Focus on his harassment claims.  According to Grimsley, Focus's debt collection efforts constituted harassment because Focus called him despite his being on the National Do Not Call Registry, called him at disruptive hours, called and left voicemails an excessive number of times, and failed to mail him written collection notices.  We conclude that Grimsley's harassment arguments lack merit.

The FDCPA prohibits debt collectors from "engag[ing] in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."  15 U.S.C. § 1692d.  Grimsley raises four arguments as to how Focus's communications constituted harassment.

First, Grimsley argues that Focus should not have contacted him because he is on the National Do Not Call Registry.  But the Registry applies only to telemarketers, not to debt collectors.  *See id.* § 6102.  Grimsley's presence on the Registry thus is of no moment in this suit.

Second, Grimsley argues that Focus's voice messages interfered with his sleep and medication.  The FDCPA bars debt collectors from "communicat[ing]

8

with a consumer in connection with the collection of any debt . . . at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer" without a consumer's prior consent or express permission of a court. 15 U.S.C. § 1692c(a)(1). "In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location." *Id.* Here, the undisputed evidence shows that Focus left each of its voice messages between the hours of 8:00 a.m. and 9:00 p.m., within the call time window that the FDCPA permits. *See id.* And Grimsley has failed to come forward with any evidence suggesting Focus knew the timing of its calls was inconvenient for Grimsley. The timing of Focus's calls thus does not establish an FDCPA violation.

Third, Grimsley argues that the frequency of Focus's phone calls and voice messages constitute harassment. The FDCPA defines harassment to include "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. § 1692d(5). Absent any other indicia of harassment, evidence that Focus called Grimsley four times in two weeks creates no genuine

9

issue of material fact as to whether Focus harassed Grimsley.[7]  *Cf. id.* § 1692(e) ("It is the purpose of this subchapter . . . to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged . . . .").

Fourth, Grimsley argues that Focus harassed him by attempting to collect on Grimsley's accounts before Cardiology Partners retained Focus, as the July 1 notice of returned mail supposedly shows, and thus acting without authority.[8]  But Grimsley acknowledges that he never received any written communications from Focus.  Thus, even if Focus had attempted to contact Grimsley without authorization, such efforts could not have constituted harassment.

For these reasons, the district court properly granted Focus summary judgment as to Grimsley's harassment claims.

## C.    FDCPA Unconscionability Claim

Finally, Grimsley contends that Focus violated the FDCPA by "us[ing] unfair or unconscionable means to collect or attempt to collect any debt," *id.* § 1692f, because its policies and procedures permit practices the FDCPA prohibits,

---

[7] The FDCPA requires a debt collector to honor a consumer's written notice that he "wishes the debt collector to cease further communication," subject to limited exceptions.  15 U.S.C. § 1692c(c).  Here, there is no evidence that Grimsley provided Focus with written notice that he wished Focus to cease communicating with him.

[8] This allegation seemingly is inconsistent with Grimsley's assertion that Focus never mailed him the required collection notices.  We cannot ascertain with certainty whether Grimsley intended to make both of these arguments or, if he did not, which argument he intended to make.  To be cautious, we consider both.  *See Tannenbaum*, 148 F.3d at 1263.

10

such as harassing and abusive debt collection calls, threats of legal action, use of abusive language, and provision of false information. Grimsley misreads the policies to which he refers, which actually pledge that Focus will *refrain* from such conduct. Accordingly, Grimsley failed to establish a genuine issue of material fact as to whether Focus's collection practices were unfair or unconscionable. The district court thus properly granted summary judgment to Focus on this claim.

## IV.    CONCLUSION

For the foregoing reasons, we conclude that Grimsley has failed to identify a genuine issue of material fact as to any of his FDCPA claims. Accordingly, we affirm the district court's grant of summary judgment to Focus.[9]

**AFFIRMED.**

---

[9] While this appeal was pending, Focus moved for damages, costs, and attorney's fees. "If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." Fed. R. App. P. 38. "On a finding by the court that an action under [the FDCPA] was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." 15 U.S.C. § 1692k(a)(3). Although Grimsley's action was meritless, we do not find that Grimsley brought it in bad faith and for the purpose of harassment, or that his appeal is frivolous. We thus award Focus costs but decline to award it damages or attorney's fees. Focus's motion is hereby GRANTED in part and DENIED in part.

11