Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| ISLAND PORTFOLIO SERVICES, LLC, como agente de ACE ONE FUNDING, LLCV<br><br>Apelante<br><br>v.<br><br>DARIANA M. HERNÁNDEZ BOU<br><br>Apelada | KLAN202300730 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala de Guayama<br><br>Civil núm.: GM2022CV00451 (306)<br><br>Sobre: Cobro de Dinero, Regla 60 |

Panel integrado por su presidenta la jueza Ortiz Flores, el juez Rivera Torres y la jueza Rivera Pérez.

**Rivera Torres, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 29 de septiembre de 2023.

Comparece ante este tribunal apelativo Island Portfolio Services LLC., (IPS o la parte apelante) mediante el escrito de *Apelación* de epígrafe solicitándonos la revocación de la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de Guayama (TPI), el 30 de junio de 2023, archivada en autos ese mismo día. Mediante este dictamen, el foro primario desestimó sin perjuicio la demanda incoada por la parte apelante. En síntesis, razonó que el tribunal carecía de jurisdicción debido a que IPS incumplió el Artículo 17(13) de la *Ley de Agencias de Cobros*, Ley núm. 143 del 25 de junio de 1968, 10 LPRA secs. 981 *et seq.*

Por los fundamentos que exponemos a continuación, revocamos la *Sentencia* apelada.

### I.

El 8 de junio de 2023, IPS como agente gestor de Ace One Funding, LLC presentó una demanda en cobro de dinero al amparo de la Regla 60 de las Procedimiento Civil, 32 LPRA Ap. V., R. 60. Particularmente reclamó que la Sra. Dariana M. Hernández Bou

(señora Hernández Bou o la apelada) le solicitó a Island Finance, LLC. un préstamo personal de $2,906.06, sobre el cual persiste una deuda vencida, líquida y exigible ascendente a $2,604.21. Señaló que dicho préstamo fue adquirido por Ace One Funding, LLC., quien es manejada por IPS. Alegó, además, que:

> [L]a deuda no ha sido satisfecha ni todo ni parte a pesar de los múltiples requerimientos que se le han hecho a la parte demandada, que incluyen, pero no se limitan a llamadas y carta enviada por correo certificado con acuse de recibo, conforme al Art. 17 de la Ley Núm. 143 del 27 de junio de 1968, según enmendada, Ley de Agencias de Cobro. Se acompaña como Anejo 'D'.[1]

Expuso que, previo a la presentación de esta acción, le envió un aviso de cobro a la señora Hernández Bou. Al respecto, agregó que dicho requerimiento fue remitido por correo certificado con acuse de recibo y lo incluyó como anejo a la demanda. En la misiva, la parte apelante le notificó a la apelada que era una compañía autorizada y contratada para gestionar el cobro de su deuda, ascendente a $2,604.21. Además, le apercibió que tenía treinta (30) días para notificar su disputa a la validez de la deuda reclamada.

En la demanda se incluyeron documentos del United States Postal Service que demuestran que dicho aviso de cobro fue "*Certified with Return Receipt (Signature)*"[2] y que la carta "has been delivered and is available at a PO Box at 10:53 am on January 25, 2023 in GUAYAMA, PR 00784".[3]

Tras varios incidentes procesales, el 16 de junio de 2023 el foro *a quo* le notificó una orden a la parte apelante para que mostrara causa por la cual no se debía desestimar la demanda, debido a que, según el documento presentado, la carta de cobro estaba "*available at a PO Box*".[4] En cumplimiento con lo ordenado, IPS presentó una moción mediante la cual sostuvo que el requisito

---

[1] Véase el Apéndice del Recurso, a la pág. 2.
[2] *Íd.*, a la pág. 12.
[3] *Íd.*
[4] *Íd.*, a las págs. 12 y 28.

de aviso de cobro previo consiste en que la agencia envíe una misiva por correo certificado con acuse de recibo antes de la presentación de la acción al amparo de la Regla 60 de las de Procedimiento Civil, *supra*. Adujo que así lo ha reconocido este Tribunal de Apelaciones en varias sentencias. Particularmente, señaló que no se requiere que el deudor reciba la carta, "pues esto dejaría a la merced del propio deudor el que se configure el cumplimiento de la parte demandante para poder incoar el procedimiento judicial, lo que menoscabaría el propósito de la ley y fomentaría el mal uso del crédito y la práctica de morosidad entre los deudores. Basta entonces, que se acredite que la dirección utilizada al momento de cursar la correspondencia es la última dirección conocida, como en este caso hizo IPS".[5]

Así las cosas, el 30 de junio de 2023 el TPI dictó y notificó la *Sentencia* recurrida desestimando sin perjuicio la acción de cobro de dinero, debido a que la parte apelante no requirió efectivamente el pago previo a la presentación de la demanda. El foro primario razonó que: "Una cosa es que no la reciba la carta propiamente el demandado, pero otra cosa muy distinta es que nadie la reciba. Dentro del apartado nadie es notificado".[6] Además, entendió que "la ley exige **prueba de la notificación y recepción** de la carta de cobro."[7] Para ello, comparó la figura de la carta de cobro con el emplazamiento y la confiscación. Por consiguiente, concluyó que la notificación adecuada previo a la privación de propiedad privada es una noción básica del debido proceso de ley.[8]

Inconforme, la parte apelante presentó una reconsideración advirtiendo que el aviso de cobro no fue declarado "*unclaimed*" sino que fue entregado y dejado disponible en el apartado de la apelada.

---

[5] Véase el Apéndice del Recurso, a la pág. 32.
[6] *Íd.*, a la pág. 40. Subrayado en el original.
[7] *Íd.* Énfasis y subrayado en el original.
[8] *Íd.*

La petición fue denegada mediante una Resolución notificada el 18 de julio de 2023.

Todavía insatisfecha, la parte apelante presentó un recurso de apelación imputándole al foro primario haber incurrido en el siguiente error:

> INCIDIÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DESESTIMAR EL CASO DEBIDO A QUE EL AVISO DE COBRO- CURSADO A LA ÚLTIMA DIRECCIÓN CONOCIDA DE LA DEMANDADA -APELADA- FUE MARCADO COMO "*AVAILABLE AT PO BOX*", CUANDO LA LEY DE AGENCIAS DE COBRO Y SU REGLAMENTO, ASÍ COMO LAS DETERMINACIONES DEL FORO APELATIVO HAN DETERMINADO QUE UNA AGENCIA DE COBRO DEBE CURSAR A LA ÚLTIMA DIRECCIÓN CONOCIDA DE UN DEUDOR UNA CARTA DE INTERPRETACIÓN, SIN QUE SEA REQUISITO *SINE QUA NON* QUE ÉSTE LA RECIBA.

El 23 de agosto de 2023, emitimos una *Resolución* concediendo el término de treinta (30) días a la parte apelada para expresarse. Transcurrido en exceso el término concedido, sin que la parte apelada cumpliera con lo ordenado, procedemos a disponer del recurso sin el beneficio de su comparecencia.

Analizado el expediente apelativo; así como estudiado el derecho aplicable, procedemos a resolver.

**II.**

**Jurisdicción**

Sabido es que los tribunales debemos ser celosos guardianes de nuestra jurisdicción estando obligados a considerarla aún en ausencia de algún señalamiento de las partes al respecto. La razón para ello es que la jurisdicción delimita la potestad o facultad que los tribunales poseemos para atender una controversia ante nuestra consideración. Tal asunto debe ser resuelto con preferencia porque de carecer de jurisdicción para atender un asunto, lo único que corresponde hacer es así manifestarlo. *Constructora Estelar v. Aut. Edif. Púb.*, 183 DPR 1, 22 (2011); *S.L.G. Szendrey Ramos v. F. Castillo*, 169 DPR 873, 883 (2007). El no tener la potestad para

atender un asunto no puede ser corregido ni atribuido por el tribunal. *Constructora Estelar, S.E. v. Aut. Edificios Públicos*, supra.

En aquellas instancias en las que un ente adjudicador dicta sentencia sin ostentar jurisdicción sobre la persona o en la materia, su determinación es "jurídicamente inexistente." *Maldonado v. Junta Planificación,* 171 DPR 46, 55 (2007). De ahí que, cuando un foro adjudica un recurso sobre el cual carece de jurisdicción para entender en este, ello constituye una actuación ilegítima, disponiéndose que cuando la ley expresamente proscribe asumir jurisdicción, no existe una interpretación contraria. *Íd.*

**La Regla 60**

La Regla 60 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 60, (Regla 60) establece un proceso sumario para resolver reclamaciones de deudas que no excedan los quince mil ($15,000) dólares de principal. El propósito primordial de esta regla es "agilizar y simplificar los procedimientos en acciones de reclamaciones de cuantías pequeñas, para así lograr la facilitación del acceso a los tribunales y una justicia más rápida, justa y económica en este tipo de reclamación". *Asoc. Res. Colinas Metro. v. S.L.G.*, 156 DPR 88, 97 (2002); *Cooperativa v. Hernández Hernández*, 205 DPR 624, 631 (2020). Las acciones al amparo de la Regla 60 que sean presentadas por agencias de cobros están reglamentadas por la *Ley de Agencias de Cobros*, Ley núm. 143 de 27 de junio de 1968, 10 LPRA sec. 981, *et seq.* Según esta ley, una *agencia de cobros* "incluye cualquier persona dedicada al negocio de cobrar para otro cualquier cuenta, factura o deuda". Artículo 2 inciso (b), 10 LPRA sec. 98a inciso (b).

Relevante a la controversia de autos, las agencias de cobros están impedidas de radicar acciones en cobro de dinero "sin antes haber *requerido por escrito* al deudor para que pague lo adeudado por *correo certificado con acuse de recibo*. Ningún tribunal podrá

asumir jurisdicción en una acción de cobro de dinero tramitada por una agencia de cobros sin que se alegue y se pruebe el cumplimiento de este requisito". (Énfasis suplido). Artículo 17 inciso (13), 10 LPRA sec. 981p inciso (13). De igual forma, el *Reglamento sobre Agencias de Cobros*, Reglamento Núm. 6451, 2 de mayo de 2022, del Departamento de Asuntos al Consumidor (DACo) reconoce dicha prohibición. La Regla 16 de dicho reglamento dispone en su inciso (17) como práctica prohibida a las agencias lo siguiente:

> Radicar acción judicial en cobro de dinero sin antes haber requerido por escrito al deudor para que pague lo adeudado por correo certificado con acuse de recibo, según se establece en la Regla 17 de este Reglamento. Ningún Tribunal podrá asumir jurisdicción en una acción de cobro de dinero tramitada por una agencia de cobro sin que se alegue y se pruebe el cumplimiento de este requisito.

A su vez, la Regla 17 establece que el *procedimiento de cobro* se realizará de la siguiente manera:

> (a) La agencia se comunicará con el deudor por correo informando en la comunicación qué: es una agencia de cobros, incluyendo el nombre, dirección y teléfono de la agencia, que pretende cobrar una deuda, la cantidad de la deuda, el nombre del acreedor y el concepto de la deuda. Debe aclarar que cualquier información que se obtenga durante el proceso será utilizada únicamente para propósitos del cobro de la deuda.
> (b) El sobre en el que se envíe esta comunicación no puede identificar de forma alguna la razón de dicha comunicación, el nombre de la agencia de cobros, ni hacer referencia alguna a que trata sobre el cobro de una deuda.
> (c) En la comunicación inicial se debe apercibir al deudor que tiene un término de treinta (30) días, luego del recibo de la reclamación inicial, para cuestionar la validez de la deuda o parte de ésta, por escrito y que de no hacerlo se entenderá correcta. Se debe informar al deudor que en este término puede solicitar a la agencia de cobros que le provea el nombre y dirección del acreedor original de la deuda, si éste es diferente al actual.
> (d) También se debe apercibir al deudor que, de cuestionar la deuda en el periodo de treinta (30) días, la agencia de cobros deberá obtener una verificación de la deuda o copia de la sentencia estableciendo la deuda y así lo notificará al deudor por escrito y por correo certificado con acuse de recibo.
> (e) Si el deudor solicita información, cuestiona o refuta la deuda en el periodo de treinta (30) días antes mencionado, la agencia debe detener toda gestión de cobro hasta tanto notifique al deudor, por escrito, la verificación de la deuda o cumpla con el requerimiento efectuado por deudor.

De otra parte, conforme reconoció el Tribunal Supremo en *Domínguez Rivera v. Tribunal Superior*, 103 DPR 117 (1974), en las acciones de cobro de dinero presentadas por agencias de cobros el tribunal debe abstenerse de ejercitar su jurisdicción "si no se alega y prueba que antes de iniciar la acción judicial la acreedora requirió 'por escrito al deudor para que pague lo adeudado por correo certificado con acuse de recibo'." *Íd.*, a la pág. 119. De esta manera, la jurisdicción del tribunal está supeditada al aviso o notificación previa a la persona demandada. *Íd.* El propósito de esta notificación es proteger al deudor "contra la avidez de cobradores inescrupulosos". *Íd.*, a la pág. 120. Esta notificación previa permite al deudor la oportunidad de cumplir su obligación sin mayores consecuencias económicas, la sanción moral y la perturbación que conlleva el litigio. *Íd.* Sin embargo, debido a que este es un mecanismo para su protección, la parte demandada "puede libremente renunciar a la misma, y su renuncia tendrá tanta eficacia bien sea expresa o tácita. *Íd.*, a la pág. 121 (*citando a García Colón v. Srio. de Hacienda*, 99 DPR 779 (1971)).

Por su parte, la *Ley de Agencias de Cobros* establece que sus disposiciones se interpretarán de forma compatible con la *Fair Debt Collection Practices Act*, 15 USC secs. 1692. Artículo 17a, 10 LPRA sec. 981p-1. Este ley federal dispone "a debt collector shall . . . *send* the consumer a written notice containing . . .". (énfasis suplido). 15 USC sec. 1692g(a). Respecto a la suficiencia de la notificación previa, la Corte de Apelaciones Federal para el Noveno Circuito razonó que dicha disposición "requires only that a Notice be 'sent' by a debt collector. A debt collector need not establish actual receipt by the debtor". *Mahon v. Credit Bureau of Placer Country Inc.*, 171 F.3d 1197, 1201 (9th Cir. 1999). Véase, también, *Grimsley v. Palm Beach Credit Adjusters, Inc.*, 691 F. Appx. 576, 579 (11th Cir. 2017).

**III.**

En esencia, la parte apelante nos invita a determinar si el requerimiento de pago enviado al PO Box de la señora Hernández Bou resulta suficiente al palio del Artículo17(13) de la *Ley de Agencias de Cobros,* 10 LPRA sec. 981p.

Conforme al derecho precedente, es forzoso colegir que constituye un requisito jurisdiccional, previo a instar una acción en cobro de dinero ante los tribunales, que la agencia de cobros envíe al deudor el requerimiento de pago mediante correo certificado con acuse de recibo. Sin embargo, este requerimiento legal no exige que el demandante demuestre que dicha misiva fue efectivamente recibida. Así, lo reconoce expresamente la *Ley de Agencias de Cobros,* supra, y su ley federal análoga, la *Fair Debt Collection Practices Act,* supra. Además, enfatizamos que el estatuto claramente exige que el reclamante (agencias de cobros) solo **alegue y pruebe el cumplimiento con estos requisitos**.

En el caso de autos, surge del expediente que Ace One Funding LLC. adquirió el préstamo personal en el que figuraba como deudora la señora Hernández Bou. Posteriormente, el 19 de enero de 2023 la empresa cursó un *Aviso de Cobro* mediante el cual apercibió a la deudora sobre su incumplimiento con la obligación de pago. Asimismo, de los documentos provistos por la parte apelante, surge que la empresa, como agencia de cobros, envió mediante correo certificado con acuse de recibo el referido requerimiento de pago según exige la *Ley de Agencias de Cobros, supra*. El certificado del United States Postal Service demuestra que dicha carta se envió el 19 de enero de 2023, se entregó al PO Box el 25 de enero a las 10:53 am, y a su vez, certifica su recibo mediante la firma de su destinatario.[9]

---

[9] Hacemos constar que la apelada compareció por derecho propio luego de la desestimación de la acción en su contra. Mediante su comparecencia reconoció la

En virtud de lo antedicho, y al tenor del Artículo 17 de la *Ley de Agencias de Cobros* colegimos que la validez del aviso de cobro no está condicionado al recibo del mismo por el deudor. Como mencionamos, el único requisito de este estatuto es el envío de la carta mediante correo certificado con acuse de recibo a la dirección conocida del deudor y **que se pruebe que así se hizo**. Por tanto, analizados los documentos incluidos con la demanda, se evidenció no solo que la parte apelante cumplió con esta exigencia legal, sino que la señora Hernández Bou recibió la comunicación, lo cual es demostrado mediante la firma de quien la recibió. En este aspecto, no encontramos razón para que el TPI haya ignorado esta información en su raciocinio. Solo podríamos inferir que el foro primario pudo haber tenido alguna duda de la autenticidad de la firma, lo cual debió ser objeto de examen previo a implantar la medida drástica de la desestimación de la demanda. De otra parte, precisa advertir que el antedicho requisito es uno distinto a otras figuras como el emplazamiento y las confiscaciones.

En resumen, IPS probó efectivamente su cumplimiento con el requisito del envío del aviso de cobro por correo certificado con acuse de recibo previo a la presentación de la demanda. Concluir lo contrario, convertiría al deudor en el árbitro para determinar la validez de la presentación de una acción en su contra.

En fin, el error señalado por la parte apelante fue cometido por el TPI.

**IV.**

Por los fundamentos antes expuestos, revocamos la *Sentencia* recurrida. Consecuentemente, devolvemos el caso al Tribunal de Primera Instancia para la continuación de los procedimientos.

---

validez de deuda y solicitó un plan de pagos para pagar lo adeudado. Además, proveyó su dirección postal la cual coincide con la conocida por la agencia y a la cual fue enviado el aviso de cobro. Véase el Apéndice del Recurso, a la pág. 49.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones