ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL III

| ISLAND PORTFOLIO SERVICES, LLC., COMO AGENTE DE ACE ONE FUNDING, LLC<br><br>Apelante<br><br>v.<br><br>NILDA R. DE JESUS SANTIAGO<br><br>Apelada | **KLAN202300996** | *Apelación* procedente del Tribunal de Primera Instancia Sala Superior de Guayama<br><br>Civil Núm. GM2023CV00656<br><br>Sobre: Cobro de Dinero (Regla 60) |
|---|---|---|

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Bonilla Ortiz, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 21 de diciembre de 2023.

Comparece ante este foro Island Portfolio Services, LLC., como agente de Ace One Funding, LLC (Island Portfolio o "parte apelante") y nos solicita que revisemos una *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de Guayama, la cual fue notificada el 29 de septiembre de 2023. En virtud de esta, el foro primario desestimó sin perjuicio la *Demanda* de autos por falta de jurisdicción.

Por los fundamentos que se exponen a continuación, **REVOCAMOS** la *Sentencia* apelada.

### I.

El 15 de agosto de 2023, Island Portfolio presentó una *Demanda* sobre cobro de dinero, al amparo del procedimiento sumario dispuesto en la Regla 60 de Procedimiento Civil, 32 LPRA Ap. V, R. 60, en contra de la Sra. Nilda R. De Jesús Santiago (señora De Jesús o

"apelada").[1] Como remedio, solicitó que se ordenara a la apelada a satisfacer la suma de $2,361.68, deuda que alegan está vencida, líquida y exigible. A su vez, añadió que:

> [L]a deuda no ha sido satisfecha ni todo ni parte a pesar de los múltiples requerimientos que se le han hecho a la parte demandada, que incluyen, pero no se limitan a llamadas y carta enviada por correo certificado con acuse de recibo, conforme al Art. 17 de la Ley Núm. 143 del 27 de junio de 1968, según enmendada, Ley de Agencias de Cobro. Se acompaña como Anejo "D".

En la *Demanda*, la parte apelante incluyó varios documentos, entre ellos la carta de *Aviso de Cobro*, mediante la cual fue remitida por correo certificado con acuse de recibo. Además, anejó un documento del United States Postal Services, que demostró que el Aviso de Cobro fue "*Certified with Return Receipt (Signature)* y que la carta "[…] has been delivered to an agent for final delivery in GUAYAMA, PR, 00784 on June 13, 2023 at 2:56 pm."

Posteriormente, el 25 de septiembre de 2023, el foro primario notificó una *Orden para presentar autorización de agente so pena de desestimación*.[2] Mediante el referido dictamen, el foro a quo solicitó a la parte apelante que presentara una certificación de que la señora De Jesús había autorizado a un agente a recibir su correspondencia. Señaló que, de no presentar la evidencia desestimaría por falta de jurisdicción, al incumplir con el Artículo 17(13) de la Ley Núm. 143 de 27 de junio de 1968, según enmendada, conocida como "Ley

---

[1] *Demanda*, anejo I, págs. 1-18 del apéndice del recurso.
[2] *Orden para presentar autorización de agente so pena de desestimación*, anejo VII, págs. 32-34 del apéndice del recurso.

de agencias de cobro" y Regla 16(17) del Reglamento 6451 del Departamento de Asuntos del Consumidor.

En cumplimiento con lo ordenado, Island Portfolio, presentó *Moción en Cumplimiento de Orden y/o Reconsideración*.[3] Sostuvo que, la *Ley de Agencias de Cobro* lo que exige es que se requiera por escrito al deudor el pago de lo adeudado por correo certificado con acuse de recibo previo a la radicación de la demanda a la última dirección conocida. Añadió que no es requisito expreso en la ley que le requieran el recibo al deudor.

El 29 de septiembre de 2023 el foro primario notificó la *Sentencia* apelada, mediante la cual desestimó sin perjuicio la *Demanda* por cobro de dinero, por falta de jurisdicción. El foro de instancia determinó lo siguiente:

> [L]a Ley de Agencias de Cobro exige que al deudor se le interpele por escrito antes de la presentación de la demanda de cobro, mediante correo certificado con acuse de recibo. Somos de la opinión e interpretamos que la ley exige prueba de la notificación y recepción de la carta de cobro.

Insatisfecho, el 4 de octubre de 2023, la parte apelante presentó una *Reconsideración*.[4] Sin embargo, el foro primario la declaró *No Ha Lugar* mediante una *Resolución,* notificada el 5 de octubre de 2023.[5]

Aún inconforme, el 6 de noviembre de 2023, Island Portfolio presentó la *Apelación* de epígrafe. Mediante esta, adujo que el foro primario cometió el siguiente error:

> Incidió el Honorable Tribunal de Primera Instancia al desestimar el caso debido a que el aviso de cobro de dinero -cursado a la última dirección conocida de la demandada-apelada- fue marcado como

---

[3] *Moción en Cumplimiento de Orden y/o Reconsideración*, anejo VIII, págs. 35-40 del apéndice del recurso.
[4] *Reconsideración*, anejo XI, págs. 48-51 del apéndice del recurso.
[5] *Resolución*, anejo XII, pág. 52 del apéndice del recurso.

"delivered to agent for final delivery", cuando se ha determinado que esto significa que la correspondencia le fue entregada a una persona autorizada por el destinatario y cuando la Ley de Agencias de Cobro y su Reglamento, así como las determinaciones del Foro Apelativo han determinado que una agencia de cobro debe cursar a la última dirección conocida de un deudor una carta de interpelación, sin que sea requisito *sine qua non* que éste la reciba.

El 8 de noviembre de 2023, emitimos una *Resolución*, mediante la cual le concedimos a la apelada el término establecido en el Reglamento de este Tribunal para que presentara su alegato. Sin embargo, luego de transcurrido el referido término, la apelada omitió comparecer para presentarnos su postura.

Por consiguiente, declaramos perfeccionado el recurso de epígrafe y procedemos a disponer de este.

## II.

La Regla 60 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 60, establece un proceso sumario para resolver reclamaciones de deudas que no excedan los quince mil ($15,000) dólares de principal. El propósito primordial de esta regla es "agilizar y simplificar los procedimientos en acciones de reclamaciones de cuantías pequeñas, para así lograr la facilitación del acceso a los tribunales y una justicia más rápida, justa y económica en este tipo de reclamación". *Asoc. Res. Colinas Metro. v. SLG*, 156 DPR 88, 97 (2002); *Cooperativa v. Hernández Hernández*, 205 DPR 624, 631 (2020). Las acciones al amparo de la Regla 60 que sean presentadas por agencias de cobros están reglamentadas por la *Ley de Agencias de Cobros*, Ley Núm. 143 de 27 de junio de 1968, 10 LPRA sec. 981, *et seq*. Según esta ley, una agencia de cobros "incluye cualquier persona dedicada al negocio

de cobrar para otro cualquier cuenta, factura o deuda". Artículo 2 inciso (b), 10 LPRA sec. 98a inciso (b).

En cuanto a la controversia de autos, las agencias de cobros están impedidas de radicar acciones en cobro de dinero "sin antes haber requerido por escrito al deudor para que pague lo adeudado por correo certificado con acuse de recibo. Ningún tribunal podrá asumir jurisdicción en una acción de cobro de dinero tramitada por una agencia de cobros sin que se alegue y se pruebe el cumplimiento de este requisito". Artículo 17 inciso (13), 10 LPRA sec. 981p inciso (13). De igual forma, el *Reglamento sobre Agencias de Cobros*, Reglamento Núm. 6451, 2 de mayo de 2022, del Departamento de Asuntos al Consumidor (DACo) reconoce dicha prohibición. La Regla 16 de dicho reglamento dispone en su inciso (17) como práctica prohibida a las agencias lo siguiente:

> Radicar acción judicial en cobro de dinero sin antes haber requerido por escrito al deudor para que pague lo adeudado por correo certificado con acuse de recibo, según se establece en la Regla 17 de este Reglamento. Ningún Tribunal podrá asumir jurisdicción en una acción de cobro de dinero tramitada por una agencia de cobro sin que se alegue y se pruebe el cumplimiento de este requisito.

A su vez, la Regla 17 establece que el procedimiento de cobro se realizará de la siguiente manera:

> (a) La agencia se comunicará con el deudor por correo informando en la comunicación qué: es una agencia de cobros, incluyendo el nombre, dirección y teléfono de la agencia, que pretende cobrar una deuda, la cantidad de la deuda, el nombre del acreedor y el concepto de la deuda. Debe aclarar que cualquier información que se obtenga durante el proceso será utilizada únicamente para propósitos del cobro de la deuda.
>
> (b) El sobre en el que se envíe esta comunicación no puede identificar de forma

alguna la razón de dicha comunicación, el nombre de la agencia de cobros, ni hacer referencia alguna a que trata sobre el cobro de una deuda.

(c) En la comunicación inicial se debe apercibir al deudor que tiene un término de treinta (30) días, luego del recibo de la reclamación inicial, para cuestionar la validez de la deuda o parte de ésta, por escrito y que de no hacerlo se entenderá correcta. Se debe informar al deudor que en este término puede solicitar a la agencia de cobros que le provea el nombre y dirección del acreedor original de la deuda, si éste es diferente al actual.

(d) También se debe apercibir al deudor que, de cuestionar la deuda en el periodo de treinta (30) días, la agencia de cobros deberá obtener una verificación de la deuda o copia de la sentencia estableciendo la deuda y así lo notificará al deudor por escrito y por correo certificado con acuse de recibo.

(e) Si el deudor solicita información, cuestiona o refuta la deuda en el periodo de treinta (30) días antes mencionado, la agencia debe detener toda gestión de cobro hasta tanto notifique al deudor, por escrito, la verificación de la deuda o cumpla con el requerimiento efectuado por deudor.

De otra parte, conforme reconoció nuestro Tribunal Supremo en *Domínguez Rivera v. Tribunal Superior*, 103 DPR 117 (1974), en las acciones de cobro de dinero presentadas por agencias de cobros el tribunal debe abstenerse de ejercitar su jurisdicción "si no se alega y prueba que antes de iniciar la acción judicial la acreedora requirió "por escrito al deudor para que pague lo adeudado por correo certificado con acuse de recibo." *Íd.*, pág. 119. De esta manera, la jurisdicción del tribunal está supeditada al aviso o notificación previa a la persona demandada. *Íd.* El propósito de esta notificación es proteger al deudor "contra la avidez de cobradores inescrupulosos." *Íd.*, pág. 120. Esta notificación previa permite al deudor la oportunidad de

cumplir su obligación sin mayores consecuencias económicas, la sanción moral y la perturbación que conlleva el litigio. *Íd.* Sin embargo, debido a que este es un mecanismo para su protección, la parte demandada "puede libremente renunciar a la misma, y su renuncia tendrá tanta eficacia bien sea expresa o tácita." *Íd.*, pág. 121, citando a *García Colón v. Srio. de Hacienda*, 99 DPR 779 (1971).

Por su parte, la *Ley de Agencias de Cobros* establece que sus disposiciones se interpretarán de forma compatible con la *Fair Debt Collection Practices Act*, 15 USC secs. 1692. Artículo 17a, 10 LPRA sec. 981p-1. Esta ley federal dispone "a debt collector shall […] send the consumer a written notice containing […]". 15 USC sec. 1692g(a). Respecto a la suficiencia de la notificación previa, la Corte de Apelaciones Federal para el Noveno Circuito razonó que dicha disposición "requires only that a Notice be "sent" by a debt collector. A debt collector need not establish actual receipt by the debtor." *Mahon v. Credit Bureau of Placer Country Inc.,* 171 F.3d 1197, 1201 (9th Cir. 1999). Véase, también, *Grimsley v. Palm Beach Credit Adjusters, Inc.,* 691 F. Appx. 576, 579 (11th Cir. 2017).

### III.

En el caso de autos, mediante el único señalamiento de error, Island Portfolio alega que el foro primario incidió al desestimar la *Demanda* de autos, puesto que, la carta del *Aviso de Cobro* lo enviaron y fue recibido a la última dirección conocida de la apelada. En esencia, argumentó que la desestimación de la demanda es contraria en derecho.

Según surge del expediente, Island Portfolio presentó prueba de las diligencias llevadas a cabo para el cobro de lo adeudado por la señora De Jesús. Entre ellas, se encuentra la carta de *Aviso de Cobro* con fecha del 5 de junio de 2023, enviada mediante correo certificado, junto con el acuse de recibo, el cual refleja que fue "delivered to agent for final delivery".

Conforme al derecho antes expuesto, tanto el Artículo 17(13) de la Ley de Agencias de Cobro, *supra*, y la Regla 16 del Reglamento Núm. 6451, *supra*, disponen que, es una práctica prohibida el radicar una acción judicial de cobro de dinero sin antes haber requerido por escrito al deudor que pague lo adeudado, por correo certificado con acuse de recibo. A su vez, establece que el foro primario no podrá asumir jurisdicción en una acción de cobro de dinero tramitada por una agencia de cobro sin que se alegue y se pruebe el cumplimiento de este requisito.

No obstante, la Ley de Agencias de Cobros, *supra*, y su ley federal análoga, Fair Debt Collection Practices Act, *supra*, reconocen que no es una exigencia que la parte que reclama la deuda demuestre que la carta de *Aviso de Cobro* fue efectivamente recibida por el deudor. El único requisito de dicha legislación es el envío de la carta mediante correo certificado con acuse de recibo a la dirección conocida del deudor y que se pruebe que así se hizo.

Por lo tanto, concluimos que el foro primario incidió al desestimar la *Demanda* de autos.

**IV.**

Por los fundamentos antes expuestos, **REVOCAMOS** la *Sentencia* apelada. Por consiguiente, devolvemos el caso

al Tribunal de Primera Instancia, Sala de Guayama, para la continuación de los procedimientos conforme a lo aquí dispuesto.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones